PATRICK COMERFORD'S CASE.

Suffolk. March 21, 1916. — July 10, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Agency,* Existence of relation. *Workmen's Compensation Act.*

Where a contractor in a city, who had agreed to construct a small brick garage in a neighboring village called M, applied to a master teamster for "a teamster to take some concrete window-sills, wheelbarrows, picks and shovels out to M the next morning," and the next morning an employee of the teamster was sent with a team, and, while under the direction of the son of the contractor he was assisting in loading the window-sills on the team, he slipped and the sill they were carrying fell on him, causing injury, upon a claim under the workmen's compensation act it cannot be found that such employee of the master teamster was in the employ of the contractor at the time of his injury.

St. 1911, c. 751, Part III, § 17, provides that, "If a subscriber [under the workmen's compensation act] enters into a contract, written or oral, with an independent contractor to do such subscriber's work, or if such a contractor enters into a contract with a subcontractor to do all or any part of the work comprised in such contract with the subscriber, and the association would, if such work were executed by employees immediately employed by the subscriber, be liable to pay compensation under this act to those employees, the association shall pay to such employees any compensation which would be payable to them under this act if the independent or subcontractors were subscribers." If a contractor, who is a subscriber under the workmen's compensation act and has contracted to build a small brick garage, hires from a master teamster a teamster and a team to transport concrete window-sills, wheelbarrows and picks and shovels from the storehouse of the contractor to the place where they are to be incorporated into the proposed structure or are to be used in building it, such transportation may be found to be a part of the work of the contractor comprised in his contract, and, if so found, compensation under the statute may be awarded to a teamster who was sent in charge of the team and who sustained an injury arising out of and in the course of his employment in such transportation.

PIERCE, J.  The evidence shows that the employee, Comerford, was and had been for three years before the accident in the employ of one Connors as a teamster; that the subscribers, McDonald and Joslin Company, speaking through a son of Joslin, the evening before the accident told Connors that they "wanted a teamster to take some concrete window-sills, wheelbarrows, picks and shovels out to Mattapan the next morning;" that these things to be taken were in the locker or enclosure at the corner of Langdon and Roswell Streets; that the "locker" is just a storehouse where odds and ends of tools and staging are kept; that the subscribers' business was contracting, building and construction work; that at the time of the accident the subscribers were constructing a small brick garage in Mattapan; that these reinforced concrete window-sills were wanted for the garage then being built; that on the morning of the accident the employee drove into the "locker" or enclosure, as directed by the son who had given the order to Connors, and backed up near to a pile of stone; that the son told the employee that "he wanted to get four of these sills on the team;" that there were some broken ones on the top of the pile and they moved these off and laid them down on one side; that they carried two of the sills to the team and were carrying the third, when the employee slipped and the sill fell on him.

These facts do not warrant the findings of the Industrial Accident Board that "During all the time that Comerford was on the premises, after he had driven the team into the 'locker,' he was engaged in the usual course of the business of the subscribers and was the servant of such subscribers during his employment on said premises." Nor do they warrant the further and more specific finding that "Comerford, in the performance of the work of lifting and moving the sills, was under the control and direction of the subscribers, and was the servant and employee of the subscribers in the performance of this work, which was in the usual course of their business as building contractors." *

Upon the facts in this case the employee can be found to be the servant of his general employer, Connors, because of his duty to

---

* In the Superior Court a decree was entered by order of *Wait*, J., affirming the decision of the Industrial Accident Board and ordering the payment to the insured of $198 in full for all incapacity resulting from the injury. The insurer appealed.

care for and to manage the team of Connors; and cannot be found to be the servant of the subscriber because he was to carry and to load concrete sills which were to be selected from a pile of sills by the subscriber, or because in lifting and carrying the sills he was assisted by the son of the subscriber. *Pigeon's Case*, 216 Mass. 51. *King's Case*, 220 Mass. 290. *Tornroos* v. *R. H. White Co.* 220 Mass. 336. *W. S. Quinby Co.* v. *Estey*, 221 Mass. 56. *Peach* v. *Bruno, ante*, 447.

So far as the record discloses, the work of loading and of transportation was to be performed by Connors, through his servant, in his own way. Connors was, therefore, an independent agent or contractor. The subscribers entered into an oral contract with the independent contractor, Connors, to do that part of the subscribers' work which consisted in conveying specific articles from the premises of the subscribers to the place where the "material" was designed to be used in the performance of the subscribers' contract:

The conveyance of picks, shovels, wheelbarrows and of constructed and fabricated parts of a building from the storehouse of a builder and contractor, to the premises where they are to be used or are to be combined into a proposed structure, may be found to be a part of the trade or business of a contractor and is not necessarily an act merely ancillary and incidental to the business of that contractor.

St. 1911, c. 751, Part III, § 17, in part reads, "If a subscriber enters into a contract, written or oral, with an independent contractor to do such subscriber's work, or if such a contractor enters into a contract with a subcontractor to do all or any part of the work comprised in such contract with the subscriber, and the association would, if such work were executed by employees immediately employed by the subscriber, be liable to pay compensation under this act to those employees, the association shall pay to such employees any compensation which would be payable to them under this act if the independent or subcontractors were subscribers." We are of opinion that the facts of the case at bar may be found to bring it within this statute. *Sundine's Case*, 218 Mass. 1.

The case is to be recommitted to the Industrial Accident Board, where the employee may move for a hearing and for the intro-

duction of further evidence upon the question whether the work performed by Comerford was a part of the business of McDonald and Joslin Company or was merely ancillary and incidental thereto.

If such motion is granted the case should be considered anew upon all the evidence introduced by all parties, and such decision should be made upon the facts as the Industrial Accident Board think is required by the evidence.

*So ordered.*

*J. F. Scannell,* for the insurer.

*E. M. Shanley,* for the employee, submitted the claim without argument or brief.