ALFRED R. KHOURY *vs.* EDISON ELECTRIC ILLUMINATING COMPANY.

Suffolk.     October 18, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Agency,* Existence of relation, Scope of authority.

One in the general employ of an electric light company owned an automobile. By agreement made with the company, when travelling for it he at his election could use either that automobile for transportation or the railroads and street railways, and in either case the company would pay to him an amount equivalent to the railroad or trolley fare, but the company had no other obligation with respect to the operation of the car. While using the car to transport materials and tools to do work for the company, the employee negligently ran into a traveller on the highway, who brought an action against the company. A verdict was ordered for the defendant. *Held,* that

(1) The defendant had no right to control the employee in the operation of the automobile, and the principle *respondeat superior* did not apply;

(2) The verdict properly was ordered.

TORT for personal injuries. Writ dated March 30, 1926.

Proceedings in the Superior Court at a trial before *Callahan, J.,* are described in the opinion. A verdict was ordered for the defendant. The plaintiff alleged exceptions.

*E. R. Dewing,* for the plaintiff.

*K. C. Parker,* for the defendant.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff when struck by an automobile owned and operated by one Parnell. After the trial was begun and after the opening by the plaintiff, the parties submitted the following statement of certain agreed facts: "It is herewith agreed between the parties to the above entitled action that on November 17, 1925, one Eric Parnell was in the general employment of the defendant and was the owner of a Mercer automobile which was involved in an

accident on that day, which accident resulted in injuries to the plaintiff in this action. That the accident occurred on Commonwealth Avenue, Boston, near the intersection of Dartmouth Street. That Eric Parnell had left the defendant's place of business at 39 Boylston Street, Boston, and at the time was proceeding to Watertown, Massachusetts, the purpose of his trip being in connection with the defendant's installation of a certain flood light in that place. That he had in the car a flood light belonging to the defendant which he was carrying to that place. That he had prior to November 17, 1925, entered into an agreement with the defendant that when travelling for the defendant he could, at his election, use his own car for transportation or the railroads and street railways, and in either case the defendant would pay to him an amount equivalent to the railroad or trolley fare. That the defendant had no other obligation to the said Parnell in respect to the said Parnell's automobile or its use than to pay to the said Parnell an amount equivalent to that which would have been Parnell's expenses had he travelled by common carrier rather than by the use of his own automobile. That the use of his automobile upon November 17, 1925, and upon the particular trip which he was taking at the time of the accident was known to the defendant, and the use of his automobile on this trip was in accordance with the above stated agreement between him and the defendant." It was further orally agreed by the parties that the plaintiff would introduce evidence which would warrant the jury in finding that at the time of the accident he was in the exercise of due care, and that the driver of the car was negligent or guilty of wilful and wanton misconduct in the operation of the car.

The plaintiff then made the following offer of proof: "That the driver of the automobile was at the time of his accident proceeding to Watertown for the purpose of doing some work for the defendant upon the installation of certain electric wiring and fixtures; that a considerable quantity of tools, wires and fixtures were at the time being conveyed in the automobile in which he was proceeding to Watertown for the purpose stated with the knowledge and consent of the de-

fendant; that the driver worked during regular hours and was engaged in this schedule of employment at the time of the accident; that he received for his compensation a fixed wage per week, being in the exclusive employment of the defendant."

Thereupon the presiding judge allowed a motion for a directed verdict filed by the defendant, and the plaintiff excepted. It was agreed by the parties that, if the case should have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $2,000, otherwise judgment was to be entered for the defendant. The case is before this court upon a report by the presiding judge.

The principle *respondeat superior* is not applicable unless the agreed facts warranted a finding that the relation of master and servant existed at the time the plaintiff was injured, whereby the negligent act of the servant was legally imputable to the master. The test of the relationship is the right to control. It is not necessary that there be any actual control by the alleged master to make one his servant or agent, but merely a right of the master to control. If there is no right of control there is no relationship of master and servant. If the power of control rests with the person employed, he is an independent contractor. In order that the relation of master and servant may exist, the employee must be subject to control by the employer, not only as to the result to be accomplished but also as to the means to be used. *Forsyth* v. *Hooper,* 11 Allen, 419, 421, 422. *Shepard* v. *Jacobs,* 204 Mass. 110, 112. *Chisholm's Case,* 238 Mass. 412, 419, 420. *Railroad Co.* v. *Hanning,* 15 Wall. 649, 656. *Singer Manuf. Co.* v. *Rahn,* 132 U. S. 518, 523. We do not understand that these general rules of law are controverted by the plaintiff. The only dispute is their application to the facts in the case at bar.

It is the contention of the plaintiff that as Parnell was an employee of the defendant and had a fixed weekly wage, with regular hours of employment, and was at the time of the accident on duty in accordance with the terms of his employment, he was a servant of the defendant at the time of the accident.

Although the conclusive test of the relationship of master and servant is the right to control, other factors may be considered in determining whether the right to control exists, but they are subordinate to this primary test. This court has held that the method of payment is not the decisive test. *Morgan* v. *Smith*, 159 Mass. 570, 574. *McAllister's Case*, 229 Mass. 193, 195. *Hoffman* v. *Liberty Motors, Inc.* 234 Mass. 437, 439. Neither is the fact that Parnell was an employee of the defendant and had no other employment decisive, for a person may be an agent or a servant as to one part of an undertaking, and an independent contractor as to other parts. In the present case the automobile was owned by Parnell. Although an owner may be employed as a servant to operate his automobile (*Marsh* v. *Beraldi*, 260 Mass. 225), the mere fact that a servant uses his own car in his master's business is not final. It was the duty of Parnell to register his automobile and to obtain a license to operate it. The defendant did not require or request Parnell to use his automobile in the business, but merely agreed with him that if he used it he would be paid the equivalent of what he would otherwise be required to pay for railroad or street railway fares. In this particular the case at bar is less favorable to the plaintiff's contention than is *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574, 576, for in that case the defendant agreed to pay the plaintiff "so much per mile for the number of miles that he . . . [the servant] operated said car for them in connection with his employment," it thus appearing that the use of the automobile was expressly contracted for and not merely permitted.

In the present case the sole interest of the defendant was that Parnell should be at places where the defendant had work to be performed, leaving the means of transportation to Parnell's decision and convenience, but limiting the liability for expense to the defendant to an amount equivalent to the fares of a common carrier. The defendant assumed no obligation to keep the automobile in repair; that duty rested upon Parnell, its owner. If he chose to use his car instead of travelling by a common carrier to go to a particular

place, a finding would not be warranted that the defendant had any control over him in the operation of the car or responsibility for the condition of its brakes, lights, or other parts.

Upon the agreed facts, it is plain that the defendant cannot be held liable for injuries caused by the use of the automobile. In many respects the present case is similar in its facts to *Pyyny* v. *Loose-Wiles Biscuit Co., supra,* recently decided by this court, and in principle is governed by it. *Shepard* v. *Jacobs, supra. Centrello's Case,* 232 Mass. 456. *Singer Manuf. Co.* v. *Rahn, supra.*

*Judgment on the verdict.*