GLAYDS E. BRADLEY'S CASE.

Suffolk.    October 9, 1929. — December 16, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Appeal, To whom act applies.  *Agency*,
Existence of relation, Independent contractor.

The record of a hearing of a claim under the workmen's compensation
act by a woman, employed as a bookkeeper by a merchant dealing in
gasoline, oil and accessories, stated that it reported all material evi-
dence, and disclosed only testimony of the claimant, which in sub-
stance was that, as a part of her duties, she also had to go out to the
different gasoline stations upon errands and deliver supplies; that
she bought an automobile to do that work and earn extra money,
had it registered in her own name and paid for insurance upon it;
that her employer did not maintain her automobile; that she was
paid extra money for everything she did outside of the office; that
she also used the automobile in her own business and pleasure; that
she got the gas and oil and accessories "at cost for pleasure as well as
business"; that, previous to her injury, she had driven the auto-
mobile from her employer's office to a neighboring city upon an errand
for her employer; that from there she started for another neighboring
city, where she collided with a tree and was injured.  The Industrial
Accident Board, and the Superior Court upon certification from the
board, awarded compensation.  The insurer appealed.  *Held*, that
    (1) Upon the record, the question, whether the evidence was suffi-
cient to warrant the finding, properly was before this court;
    (2) The burden of proof was upon the claimant to prove that at
the time of the accident she was operating her automobile as the
servant of the employer and not in her own right;
    (3) The evidence did not warrant a finding that the claimant was
subject in any degree to the control of the subscriber in the manage-
ment of her automobile while driving on the day of the accident, or
at the time of the accident;
    (4) The decree was reversed and a decree in favor of the insurer
was ordered.

CERTIFICATION to the Superior Court under the pro-
visions of the workmen's compensation act of a decision
by the Industrial Accident Board awarding compensation.

In the Superior Court, the case was heard by *Bishop*, J.
It appeared by the record that the decision by the board

was upon the report of a hearing by a single member, which stated, "All the material evidence is reported herewith." The report contained only testimony by the claimant in direct and cross-examination. Material portions of such testimony are described in the opinion. A decree was entered granting compensation. The insurer appealed.

*G. Gleason*, for the insurer.

*P. G. Ryan*, (*J. H. Duffin* with him,) for the claimant.

PIERCE, J. This is an appeal by the insurer from a decree of the Superior Court, entered after a decision of the Industrial Accident Board. The insurer contends that the finding that the claimant was employed by Leighton & Barrie, Inc. was not justified by the evidence, and that in fact she was an independent contractor. All the material evidence is reported, and the question, whether it is sufficient to warrant the finding, may be reviewed here. *Buckley's Case*, 218 Mass. 354. *Riley's Case*, 227 Mass. 55, 57.

The claimant testified as follows: "as a bookkeeper" she was in the employ of the subscriber, "whose business is the sale of gasoline, oil and accessories," and she also had to go out to the different gasoline stations upon errands and deliver supplies. "She bought a car to do this work and earn extra money." She bought the car in February, 1928, had it registered in her name and paid the insurance on it. "The company did not maintain her car but they paid her extra for everything she did." "Her regular work was bookkeeping . . . . Everything she did outside of the office she was paid extra money." She got the gas and oil and accessories "at cost for pleasure as well as business." She used the car on her own business and pleasure too. She was alone when the accident happened, it was a good night and the roads were dry. On the day of the injury, April 18, 1928, she went to Medford upon an errand for Leighton & Barrie, Inc. using her automobile therefor. From there she started to go to Somerville, but changed her mind and decided to go to Malden. On the way to Malden "she was so weak and tired she . . . [could not] tell what happened." She had travelled a block on Mountain Avenue when she suddenly found herself against a tree on

the wrong side of the road, and she "does not know what happened or what caused. her to hit the tree."

The burden of proof was upon the claimant to prove that at the time of the accident she was operating her automobile as the servant of Leighton & Barrie, Inc. and not in her own right. *Comerford's Case,* 224 Mass. 571. *Marsh* v. *Beraldi,* 260 Mass. 225, 231. There is no evidence reported to warrant a finding that the claimant was subject in any degree to the control of the subscriber in the management of her automobile while driving on the day of the accident, or at the time of the accident. Upon her own testimony she was an independent contractor, and not an employee for whose defaults the subscriber might be held liable to answer in damages. In principle this case is governed by *Shepard* v. *Jacobs,* 204 Mass. 110, *Centrello's Case,* 232 Mass. 456, *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574, and *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236.

As the claimant cannot recover compensation under G. L. c. 152, § 26, it is unnecessary to define the meaning and limitation of the phrase "arising out of an ordinary risk of the street," contained in St. 1927, c. 309, § 3.

*Decree reversed.*
*Decree to be entered in favor*
*of the insurer.*