MICHAEL PELLETIER's (dependents') CASE.

Suffolk. November 25, 1929. — December 31, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

In proceedings under the workmen's compensation act, it appeared that the employee's duties consisted of covering, in his own automobile, a certain designated territory while soliciting orders for his employer, a dealer in fruit; that he was paid a fixed sum each week as wages, and an additional weekly sum for the use of the automobile, together with the cost of gasoline and oil used in its operation, and was given instructions as to when he should go over a certain route, but no instructions as to the manner in which he should operate the automobile; that the employee, under instructions from his employer, took the employer's son with him in the automobile with a view to teaching him to operate it, and, after making a call on his employer's business, permitted the son to operate the automobile; that, while the son was so operating, an accident occurred through skidding in which the employee's life was lost. Compensation was awarded. *Held,* that

(1) A finding was warranted that the employee's injury arose out of and in the course of his employment, and that at the time he was acting in the course of his duty for the employer;

(2) A finding was warranted that the automobile in the circumstances was an appliance of the employer's business being used in his behalf;

(3) A finding was warranted that the skidding of the automobile in the circumstances was an ordinary risk of the street, which justified awarding of compensation under G. L. c. 152, § 26, as amended by St. 1927, c. 309, § 3.

CERTIFICATION to the Superior Court in proceedings under the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the widow of Michael Pelletier, found to have received injuries resulting in his death while employed by Worcester Merchants Fruit and Produce Company.

In the Superior Court, the case was heard by *Gibbs*, J. Material facts are stated in the opinion. By order of the judge, there was entered a final decree in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*G. F. Garrity & H. B. White*, for the insurer.

*J. J. Moynihan*, for the claimants.

SANDERSON, J. Michael Pelletier, an employee of James Charamella, the insured, who conducted a wholesale fruit and produce business, met his death February 28, 1929, while riding in his own automobile which was being operated by the employer's son. Pelletier's duties consisted of covering, in his own automobile, a certain designated territory while soliciting orders for his employer. He was paid a fixed sum each week as wages, and an additional weekly sum for the use of the automobile, together with the cost of gasoline and oil used in its operation. The employer gave Pelletier instructions as to when he should go over a certain route, but gave no instructions as to the manner in which he should operate the automobile. The employer's son, somewhat over sixteen years of age, had been employed at times by the insured to help salesmen in soliciting orders. The day before the accident, the employer had told Pelletier to give his son instructions in running the automobile. Similar instructions had been given to other salesmen. Pelletier was requested to take the son with him on the day of the accident. Pelletier drove the automobile during the first part of the trip, and then after making a call on his em-

ployer's business, permitted the son to operate it. The ground was covered with snow. The accident occurred when the driver put on the brakes to avoid a wagon in the middle of the road.

The single member found that the employee's death was caused by the overturning of the automobile driven by a fellow employee, who went with him under instructions from the employer "to learn the business," including the running of the automobile used by Pelletier in furtherance of his employer's business; that the automobile skidded and got out of the control of the fellow employee, ran wild over an embankment, and dropped with its occupants into a river thirty feet below, causing the death of Pelletier by drowning, and that he was at the time of his fatal injury engaged as a salesman in soliciting orders for his employer.

The findings of the member of the board that Pelletier's injury arose out of and in the course of his employment, and that at the time he was in the course of his duty for the employer, were warranted on the evidence. The skidding of the automobile under the circumstances could have been found to be an ordinary risk of the street. Pelletier was actually engaged in the business and undertakings of his employer, and although he owned the automobile, it was being operated at the employer's request by the son to teach him to run it for the benefit of the employer's business. The automobile, under these circumstances, could have been found to be an appliance of the employer's business being used in his behalf. *Mannix's Case*, 264 Mass. 584, 585. The facts in this case distinguish it from the cases in which the employee in operating his own automobile was not a servant of the employer, but an independent contractor, *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574, *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236, and bring it within the terms of G. L. c. 152, § 26, as amended by St. 1927, c. 309, § 3, which authorizes compensation in a defined class of cases where the injury arises from ordinary street risks.

*Decree awarding compensation affirmed.*