## WILLIAM SCHOFIELD'S CASE.

Suffolk.    May 15, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act,* To whom act applies, Appeal.

At a hearing by the Industrial Accident Board of a claim for compensation under the workmen's compensation act, the claimant testified that he was employed by the subscriber as a salesman in a certain territory; that he received a salary and commissions, that he was required to have and to use an automobile; and that he owned the automobile which he used. Such testimony was uncontradicted. There was no other evidence concerning the terms of the employment, and no evidence that the claimant, while driving the automobile in the course of the subscriber's business, did not have unrestricted control of the manner of its operation. It appeared that the claimant, while on his way to attend a sales meeting by order of the subscriber, was injured in a collision between his automobile and another motor vehicle. Upon appeal to this court from a decree entered in the Superior Court in accordance with a decision of the board awarding compensation, it was *held*, that

(1) Upon the record, the question, whether the claimant was an employee within the meaning of the workmen's compensation act at the time of the accident, was one of law;

(2) The claimant's testimony showed that he was an independent contractor and not an employee of the subscriber respecting the operation of the automobile;

(3) The claimant therefore was not entitled to compensation for injuries received as a consequence of its operation;

(4) The decree was reversed and a decree entered for the insurer.

CERTIFICATION to the Superior Court, under the provisions of the workmen's compensation act, of a decision by the Industrial Accident Board awarding compensation to William Schofield.

In the Superior Court, a decree was entered by order of *Cox,* J., in accordance with the board's decision. The insurer appealed. The claimant testified at the hearing before the single member of the board that he owned the automobile. Other material evidence is stated in the opinion.

*H. B. White*, for the insurer.

*S. B. Horovitz*, for the claimant.

PIERCE, J.   When injured the claimant was employed by Wilson & Company, and had been employed by them for about four or five months as a salesman in the business of selling machinery to the oil industry filling stations, in territory covered by Connecticut, western Massachusetts and New York State.   By the terms of his employment he was required to have and to use an automobile in the business which he was to do and was to receive a salary and commission.

On September 28, 1928, in New Haven, Connecticut, at about five o'clock in the afternoon, he met his wife at the railroad station and in her company drove his car toward Boston in anticipation of attending there a sales meeting of his employer at 9:30 P.M., which he had been ordered to attend.   In Massachusetts, while driving "on Framingham-Milford Road, Washington Street, Holliston," his car collided with a truck; as a result his arm was broken and he otherwise received bruises, cuts and lacerations.   The State roadway at the place of the collision was wide with room for three cars to pass abreast.   The truck, without rear lights, was stalled on the extreme right edge and probably off the road.   The claimant's car was lighted, and when he first noticed the truck he was "probably twenty feet" away and going "between forty and forty-five miles an hour.   He tried to stop his car," was not able to do so, and "struck the rear-end of the truck."

The claimant testified, in substance, that it was between 8 and 8:30 P.M. when he struck the truck; that his car was lighted and he was looking ahead; that he was quite sure he could have seen the truck if its rear light had been on; that he noticed there was a truck on the left side of the road; that he always thought one truck was parked on the right-hand side as he was going and the other truck on the left, although he had learned since the accident that they were about two hundred feet apart; that there was room to pass between them and the reason why he did not do so was that a car came head-on toward him and he thought he hit the

truck to avoid hitting the car; that as he came along he thought he had a clear road straight ahead, thought he was the man who should go through there, "but the other car came between him and evidently thought they were entitled" to precedence.

On the facts shown by the record the insurer raised the question, "Whether Mr. Schofield was an employee within the meaning of the workmen's compensation act at the time of this accident." On the issue thus raised for the decision of the member, and the Industrial Accident Board on appeal, the question presented was one of law and not of fact because all the material evidence as to the terms of the employment came from the claimant himself, upon whom is the burden of proof, and was not and is not disputed by the insurer. Other than that the claimant was required to "use his own car" while engaged in his employment within the territory allotted to him, there is nothing in the record to prove or to warrant an inference that the claimant, while actively engaged in his employment, was not master over the operation of his car, or that any right, by the terms of his employment, was granted to the employer to restrict the claimant in the control of his own car whenever it should elect to direct him as to the manner and mode by which at any time or at any place it should be operated. We are of opinion that Schofield as matter of law was an independent contractor as respects the operation and control of his own car, and as such was not entitled to compensation for injuries received as a consequence of such operation, under G. L. c. 152. *Comerford's Case*, 224 Mass. 571. *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574. *Towne's Case*, 254 Mass. 280. *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236. *Bradley's Case*, 269 Mass. 399. There is nothing inconsistent with this conclusion in the decisions in *Marsh* v. *Beraldi*, 260 Mass. 225, *Mannix's Case*, 264 Mass. 584, or in *Pelletier's Case*, 269 Mass. 490. The decree must be reversed and a decree entered for the insurer.

*Decree accordingly.*