## F. MAURICE CHILD'S CASE.

Suffolk.    December 3, 1930. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Workmen's Compensation Act,* To whom act applies.

In claims under the workmen's compensation act for compensation for
   personal injuries or death of an employee while in or operating an
   automobile, where other factors are not determinative, the main test
   is whether the employee, although actively engaged in the employ-
   ment of the insured for some purposes, is. master over the operation
   of his automobile, or, under the terms of the contract of service, the
   employer has the right to restrict or direct the employee in the routes,
   control and mode of driving the automobile.    Per RUGG, C.J.

In proceedings under the workmen's compensation act, the following
   facts appeared: the employee was manager and principal salesman
   of one dealing in antique furniture and, in the course of his duties,
   used an automobile which he owned, being reimbursed by his em-
   ployer for his actual expenses.    It was his custom when on pleasure
   trips to visit dealers for his employer.    While returning in his auto-
   mobile from a pleasure trip to Montreal, it was his intention to visit
   a dealer with whom he had previously made an appointment to ex-
   amine a piece of furniture with the idea of a possible purchase, and'
   while proceeding on the highway in Vermont, he was injured in an
   accident.    *Held,* that a finding was not warranted that the employee
   when injured was within the provisions of G. L. c. 152, § 26, as
   amended by St. 1927, c. 309, § 3.

CERTIFICATION to the Superior Court, under the provi-
sions of the workmen's compensation act, of a decision by
the Industrial Accident Board awarding compensation to
the claimant as an employee of Norman R. Adams, Inc.

In the Superior Court, the case was heard by *Greenhalge,*
J., by whose order a final decree was entered dismissing
the claim.    The claimant appealed.

The case was submitted on briefs.

*M. C. Sherman,* for the claimant.

*J. F. Scannell, R. J. Dunn, & E. E. Andrews,* for the
insurer.

RUGG, C.J.   This case, arising under the workmen's compensation act, was submitted upon an agreed statement of facts.  So far as material they are that the employee was employed as manager and principal salesman, buying and selling antique furniture in different parts of New England.  His salary was a fixed sum plus a commission.  It was a part of his contract of employment that the employee would use his own automobile in visiting customers, making purchases or soliciting sales when advisable to do so, and, when thus used, the employee was to be reimbursed for his actual expenses.  In the early part of November, 1929, the employee went to Montreal as a representative of the American Legion and to attend an annual dinner.  He contended that it was his custom to visit dealers when on pleasure trips and on this one he visited a dealer while in Montreal.  While returning it was his intention to visit an antique dealer with whom he had previously made an appointment to examine a piece of furniture with the idea of a possible purchase, and while proceeding on the highway in Vermont between St. Albans and Middlebury he met with an accident causing him disability for a considerable time.  The employee owned the automobile which was registered in his name, and his expenses for its use from Montreal to Middlebury were paid by his employer.  The finding of the board was that, as the result of the express contract between the parties, the automobile was operated for the benefit of the employer and the damages resulting therefrom were a contractual risk of the latter's business.  A decree was entered in favor of the insurer and the appeal of the employee brings the case here.

The controlling statute is G. L. c. 152, § 26, as amended by St. 1927, c. 309, § 3.  So far as here material it provides that an employee of an employer insured under the act who " received a personal injury arising out of and in the course of his employment, or arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or under-

takings of his employer, and whether within or without the commonwealth," shall be paid compensation. Several cases have arisen under the workmen's compensation act involving the operation of an automobile by one who in some aspects and for some purposes was an employee of an employer insured under the act. Commonly it has been held that the relation between the parties made the employee an independent contractor touching the automobile. Cases illustrative of that class are *Comerford's Case,* 224 Mass. 571, *Towne's Case,* 254 Mass. 280, *Bradley's Case,* 269 Mass. 399, *Schofield's Case,* 272 Mass. 229, and *Hardaker's Case, ante,* 7. The facts in those cases need not be here narrated because they all fall under the general principle of an independent contractor and were held not to create the relation, in respect to the automobile, of employer and employee.

Cases like *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574, and *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236, were actions by third persons against the alleged employer to recover compensation for injuries received through the negligence of the alleged employee. They did not directly involve the workmen's compensation act and they rest upon the same principle, namely, that as to the automobile the employee was an independent contractor.

In cases of this nature, where other factors are not determinative, the question is whether the employee, although actively engaged in this employment for some purposes, is master over the operation of his automobile, or whether under the terms of the contract of service the employer has the right to restrict or direct the employee in the routes, control and mode of driving the automobile. That power of domination is the main test: the individual in whom that is vested is the one responsible for the automobile; if it is in the employee, he is an independent contractor; if it is in the employer, the employer is responsible.

In the case at bar it is plain that that power of domi-

nation was in the claimant. He was on a pleasure trip. The service rendered to his general employer was incidental. His receipt of expenses of the automobile from his employer placed him on no firmer footing than would an agreement that his regular wage should include the use and expense of operation of his automobile.

The case at bar is governed by the authority of *Schofield's Case*, 272 Mass. 229. It is distinguishable from *Marsh* v. *Beraldi*, 260 Mass. 225, *Mannix's Case*, 264 Mass. 584, and *Pelletier's Case*, 269 Mass. 490.

*Decree affirmed.*