EDWARD J. REARDON *vs.* COLEMAN BROS., INCORPORATED.

Middlesex.    October 5, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Agency,* Existence of relation, Scope of authority.

The test to determine whether one while driving his own automobile is acting as proprietor or as servant of another is whether he is in control so that he can at any time stop or continue and determine the way in which it shall be used or driven, not merely with reference to the result to be reached but with reference to the method of reaching that result even as to its small particulars;  the vital inquiry concerns the right to control: if the right of control rests in the owner, he is acting as proprietor; if that right rests with another person, then he is the servant of that other person, who becomes responsible as master for the conduct of the owner.  Per RUGG, C.J.

Upon exceptions saved by the plaintiff at the trial of an action of tort for personal injuries sustained in a collision with an automobile negligently operated by an employee of the defendant, the sole issue was whether there was evidence to support a finding that the defendant was responsible for the conduct of his employee. There was evidence that the employee owned the automobile and that it was registered in his name; that he used it to drive from his home to the place of his work in the morning, to drive home at night, and, when his place of work was changed during the day, to drive thither, this all being for his own convenience; that at the time of the collision there were in the automobile with him two other employees of the defendant and a few pails, a gas can, an oil can and two brooms belonging to the defendant, a foreman of the defendant having asked him to take the men and things to another point on a work of road construction at which they all were working; that he was told to "hurry up"; that on his way he chose to take the course he did because he found considerable traffic obstruction and other streets were closed; that on other occasions he had carried men and things for the work at the foreman's request; that the defendant never paid him anything on any occasion for the use of his automobile; that he never put in any bill to the defendant for its use; that he was not hiring his car out; and that it was thus used as an accommodation. A verdict was ordered for the defendant. *Held,* that at the time of the collision the employee, with respect to driving his automobile, was not the servant of the defendant, and that the verdict rightly was ordered.

Tort. Writ dated December 8, 1926.

In the Superior Court, the action was tried before *P. J. O'Connell,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant, subject to an exception by the plaintiff.

After the death of the trial judge, the action was reported by *Qua,* J., for determination by this court.

The case was submitted on briefs.

*F. J. Lehan* & *T. H. Mahony,* for the plaintiff.

*S. C. Brackett* & *J. D. Sutherland,* for the defendant.

Rugg, C.J. This is an action of tort to recover compensation for property damage and personal injuries arising out of a collision between an automobile owned and operated by the plaintiff and one alleged to have been negligently operated by one Auterio, an employee of the defendant, in the course of his employment. No question is made now concerning the due care of the plaintiff and the negligence of Auterio at the time of the collision. The sole issue

is whether there was evidence to support a finding that the defendant was then responsible for the conduct of Auterio. Auterio testified in substance that for about two months prior to the collision he had worked for the defendant doing concrete work on the "Northern Artery"; that he owned the automobile which he was driving at the time of the collision and that it was registered in his name; that he used it to drive from his home to the place of his work in the morning and when the day's labor was over he rode home in it, and when his place of work was changed during the day he rode in his automobile, this all being for his own convenience; that at the time of the collision there were in the automobile with him two other employees of the defendant and a few pails, a gas can, an oil can and two brooms belonging to the defendant; that a foreman of the defendant told him to take these things and the two men and to go from the place where he was working to another place on the work, about a fifth of a mile away if one should walk but by automobile "quite a way around," and to "Hurry up and get over on the other side" to a place indicated and to get a concrete mixer started; that on his way he chose to take the course he did because he found considerable traffic obstruction and other streets were closed; that prior to this day he had used his automobile at the request of the foreman of the defendant for carrying men or tools or cement bags, and one barrel, "quite a few times," "around nine or ten times"; that his automobile happened to be where it was when he started on the journey involved in the collision because he was working there; that the defendant never paid him anything on any occasion for the use of his automobile; that he never put in any bill to the defendant for its use; that he was not hiring his car out; that it was thus used as an accommodation. There was other testimony, but the summary already given discloses the aspect of the case most favorable to the plaintiff and therefore must be assumed to be true for the purposes of this decision, because at the conclusion of all the evidence a verdict was directed in favor of the defendant.

The test to determine whether the owner while driving

his own automobile is acting as proprietor or as servant of another is whether he is in control so that he can at any time stop or continue and determine the way in which it shall be used or driven, not merely with reference to the result to be reached but with reference to the method of reaching that result even as to its small particulars. The vital inquiry concerns the right to control. If that right rests in the owner, he is acting as proprietor. If that right rests with another person, then he is the servant of that other person, who becomes responsible as master for the conduct of the owner. *Shepard* v. *Jacobs*, 204 Mass. 110, 112. *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236, 238. *Bradley's Case*, 269 Mass. 399, 401. *Strong's Case, ante,* 243.

It is plain that under this established principle Auterio, with respect to driving his automobile at the time of the collision, was not the servant of the defendant. He owned the automobile and it was registered in his name. He was under no duty to use it for the business of the defendant. He was using it on his own journey and for his personal convenience in going from one place of work to another place of work. The expense of the upkeep was in no particular borne by the defendant. The defendant had no power of control over Auterio as to the route, the speed, or the method of operation of the automobile. It paid no compensation and Auterio received none for the use of the automobile. The single circumstance that, as matter of accommodation in going on his own business in his own way to his new place of work, he took other employees, tools, and materials of the defendant, does not render it liable as master. It is no evidence that the power of domination as to the use of the automobile at the time of the collision was vested in the defendant. On the authority of numerous decisions, the plaintiff cannot recover from the defendant. *Khoury* v. *Edison Illuminating Co.* 265 Mass. 236, 238. *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574, 576. *Neelon* v. *Hirsh & Renner, Inc.* 255 Mass. 285, 291. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 53. *Towne's Case,* 254 Mass. 280. *Schofield's Case,* 272 Mass. 229.

*Hardaker's Case,* 274 Mass. 7. *Child's Case,* 274 Mass. 97, 99. *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82, 87. The case at bar is quite distinguishable from *Marsh* v. *Beraldi,* 260 Mass. 225, and *Pelletier's Case,* 269 Mass. 490.

*Judgment for the defendant on the verdict.*