MARTIN MANLEY'S (dependents') CASE.

Suffolk.    May 9, 1932. — October 3, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Workmen's Compensation Act*, To whom act applies. *Statute*, Construction, Retroactive.

The manager of a store, while, in December, 1929, using an automobile owned by his wife to go from one store of his employer to another with the employer's implied approval and on his business, sustained injuries resulting in his death. The employer contributed nothing toward the expense of the automobile. Upon a hearing of a claim by the employee's dependent for compensation under the workmen's compensation act, a final decree was entered in the Superior Court in accordance with a decree of the Industrial Accident Board, who ruled that St. 1930, c. 205, applied to substantive law, not merely to practice and procedure, and was not controlling, and that the employee when injured was not an employee of the subscriber within the provisions of the workmen's compensation act. On appeal, it was *held*, that

(1) St. 1930, c. 205, was a modification of the substantive law previously in force and created a new right, and, not being expressly made retroactive, it was not applicable in the circumstances;

(2) The Industrial Accident Board and the judge of the Superior Court erred in ruling that when injured the employee was not an employee of the insured within the meaning of the workmen's compensation act; he did not end his employment relation with the subscriber when he entered an automobile not owned by his employer to perform a task which his contract of hire compelled him to perform;

(3) The decree of the Superior Court was reversed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board dismissing a claim for compensation.

Material facts and rulings by the Industrial Accident Board are described in the opinion. The case was heard by *Weed*, J., by whose order a final decree was entered dismissing the claim. The claimants appealed.

*S. B. Horovitz*, (*B. A. Petkun* with him,) for the claimants.

*J. F. Scannell & E. E. Andrews*, for the insurer, submitted a brief.

WAIT, J. There was evidence that the employee received injuries which resulted in his death through a collision between an automobile which he was driving and a post near the roadway. The automobile belonged to his wife who allowed him to use it; and was being driven by him in bringing from a store of the employer in Winchester to another of the employer's stores in West Medford two turkeys desired by him, as manager of the West Medford store, for delivery to a customer there. This customer applied at the West Medford store for a turkey. None was in stock. The plaintiff was authorized to go to another of the defendant's stores, obtain the turkey there and return with it for delivery. He was at liberty to go and return in any way he chose. It was his duty to use all reasonable speed in so doing. The use of the automobile was reasonable. The employer does not supply cars except for transportation from its warehouse. It does not supply them for delivery of goods to customers. It is not customary for managers to have cars for this latter purpose. Some have them. Some do not. The employee of the employer in charge of managers and superintendents north of Boston knew the injured employee had a car and regarded it as proper for him to use it in going to stores other than that in his charge when he was short of supplies. Such use had his silent approval. It was right for the employee to do as he did in the circumstances. If on the spot at the time, this supervisor would have approved. The employer does not pay for mileage use, does not supply gasoline or anything of that nature, nor pay for repairs or insurance of cars so used.

The accident took place on December 6, 1929, before St. 1930, c. 205, went into effect. The hearing was on Feb-

ruary 2, 1931, more than six months after July 10, 1930, when the statute became operative. That statute amended G. L. c. 152, § 26, as previously amended by St. 1927, c. 309, § 3 (which with exceptions here unimportant gives an employee who "receives a personal injury arising out of and in the course of his employment, or arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer," a right to compensation), by adding the new sentence: "For the purposes of this section, any person while operating or using a motor or other vehicle, whether or not belonging to his employer, with his employer's general authorization or approval, in the performance of work in connection with the business affairs or undertakings of his employer, and whether within or without the Commonwealth, shall be conclusively presumed to be an employee."

The single member ruled that St. 1930, c. 205, did not apply; found that the deceased employee was performing work which he was required to do under his contract of hire at the time of his fatal injury and death; but, constrained as he conceived by the law as laid down in *Schofield's Case*, 272 Mass. 229, *Child's Case*, 274 Mass. 97, *Hardaker's Case*, 274 Mass. 7, ruled that "because his death occurred as the direct result of the use by him of his wife's automobile" compensation could not be allowed; stating: "I am obliged, under these decisions, to rule that the deceased person was an independent contractor and not an employee at the time of his injury." On review, three members of the Industrial Accident Board found that the employee in accord with his duty under his contract of hire, using a car registered in the name of his wife, journeyed to another store of the employer's chain to obtain a turkey for a customer waiting for a suitable turkey in the store managed by the employee, and, while the employee was engaged in the operation of this car, it skidded without fault on his part and fatally injured him; and that the taking of the car for the purpose stated had the implied approval of the employer subscriber. They held that St. 1930, c. 205, applied to substantive law,

not merely to practice and procedure and was not controlling; that the essential principle laid down in the cases cited applied; and they affirmed the decision of the single member. Two members of the reviewing board, dissenting, found the insurer liable on the facts found by the majority. They regarded St. 1930, c. 205, to be applicable to the case. They found "that the decedent did not end his employment relation with the subscriber when he entered an automobile not owned by his employer to perform a task which his contract of hire compelled him to do" and "suffered a fatal injury which arose out of and in the course of his employment, for which the insurer is liable under the provisions of the act." The case is before us upon the claimants' appeal from a decree of the Superior Court that the decedent was not at the time of the injury an employee of the subscriber, and dismissing the case.

St. 1930, c. 205, obviously, was passed to modify the law as it was found to be in the decisions referred to and in similar decisions which had held that one who furnished a motor vehicle for his own use in the business of his employer, over the control and operation of which the employer exercised no dominion, stood with reference to that vehicle as an independent contractor and not as an employee of the employer, so that, if injured while operating the vehicle, he had no right to compensation under the workmen's compensation act. It gave to persons injured while operating a motor vehicle with their employer's general authorization or approval in the performance of work in connection with the business affairs or undertakings of the employer, even if, by the earlier law, they stood as independent contractors with reference to the vehicle, a new standing as employees, under G. L. c. 152, § 26, as amended.

The fundamental reason for denying compensation in the cases cited was that the injury did not arise out of the business of the employer although received in the course of that employment and so was not within the sweep of the workmen's compensation law. *Hewitt's Case*, 225 Mass. 1, 3. The change made by the statute of 1930 extended recovery under the compensation act to specified injuries which

arise out of the business of an independent contractor, if incurred in the course of the employer's business while pursuing a course of action approved by him. The Legislature, apparently, concluded that such injuries should be treated as if arising out of the business of the employer. The statute makes no change with reference to the liability of the employer to third persons, if any, injured in the accident. By its terms it is confined to the purpose of G. L. c. 152, § 26, as amended — to questions of compensation under the compensation act. It thus created a new right; and modified the substantive duty of insurers upon whom it imposed a liability not theretofore existing. It is not a mere regulation with reference to evidence or procedure. See *Duggan* v. *Ogden*, 278 Mass. 432, 435. It is familiar law that such an enactment is not retroactive unless made so by express language or inescapable implication. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1. Neither is present here. The rulings that St. 1930, c. 205, does not apply in the case before us are correct.

There was error, however, in the decree that the deceased was not an employee at the time of the injury, and in the ruling that *Schofield's Case*, *Child's Case*, and *Hardaker's Case* were controlling here. As was said in *Child's Case*, 274 Mass. 97, 99, "In cases of this nature, where other factors are not determinative, the question is whether the employee . . . is master over the operation of his automobile . . . . That power of domination is the main test . . . ." The factors there decisive were pointed out. That decision recognized that other factors might exist in other cases and be decisive; and that domination, though a main test, might not be controlling. The case before us differs in its factors from *Child's Case* and from the cases cited in support of the decision there reached; *Comerford's Case*, 224 Mass. 571; *Towne's Case*, 254 Mass. 280; *Bradley's Case*, 269 Mass. 399; *Schofield's Case*, 272 Mass. 229; *Hardaker's Case*, 274 Mass. 7; *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574; and *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236. See also *Strong's Case*, 277 Mass. 243; *Neelon* v. *Hirsh & Renner, Inc.* 255 Mass.

285; *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82, 87. In all those cases the injured person stood in a relation of contract with the employer in regard to the use of the motor vehicle concerned. He could properly be considered an independent contractor with reference to it. Here no such contract existed. In its essence the case is as if having started on foot to obtain the supplies he needed for perfecting a sale for his employer, the decedent had then taken a street railway car or accepted the loan of a friend's motor vehicle in order to save time for his employer. There was nothing of a contractual relation about the use of the motor vehicle. As was stated by the dissenting members of the Industrial Accident Board, he "did not end his employment relation with the subscriber when he entered an automobile not owned by his employer to perform a task which his contract of hire compelled him to do." Nor was he using the automobile in pursuance of any contract with regard to it between himself and his employer. He was without fault in doing as he did; and no fault of his own contributed to the accident. In so far as the accident was an accident of the street, G. L. c. 152, § 26, as amended by St. 1927, c. 309, § 3, gives the right to compensation, and puts it in the general category with accidents arising out of the employer's business. See *Pelletier's Case,* 269 Mass. 490. Nothing in the recent case of *Reardon* v. *Coleman Bros. Inc.* 277 Mass. 319, requires a different conclusion. The decedent thus remained an employee and was not an independent contractor.

It follows that the decree must be reversed, and it is

*So ordered.*