HELEN MURASZKI *v.* WILLIAM L. CLIFFORD, INC.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 10—decided May 22, 1942.

*William H. Tribou,* with whom, on the brief, was *Edward I. Taylor,* for the appellant (defendant).

*M. J. Blumenfeld,* with whom, on the brief, was *Bruce Caldwell,* for the appellee (plaintiff).

AVERY, J.   On August 8, 1935, the plaintiff in this case, a young girl eight years of age, was struck and injured crossing a highway in Amherst, Massachusetts, by an automobile owned and operated by Frank J. O'Connor.   The plaintiff brought this action against William L. Clifford, Inc., claiming that O'Connor at the time of the collision was operating the automobile as its agent and that her injuries were caused by his negligence.   The case was tried to the jury and a verdict rendered in favor of the plaintiff from which the defendant has appealed.   Its claims on this appeal are three: that the evidence was insufficient to show that O'Connor at the time of the collision was acting as its agent and the court, therefore, erred in denying the defendant's motion to set aside the verdict; that the charge of the trial court on the subject of agency was incorrect; and that a ruling of the court upon evidence was erroneous and harmful.

The defendant was a Connecticut corporation, with an office at Hartford, and there was evidence offered at the trial from which the jury could have reasonably found these facts: The business of the defendant was selling supplies to beauty parlors.   Its general manager, William L. Clifford, met O'Connor at a beauty show in New York in 1935 and made arrangements with him as a result of which O'Connor came to the defendant's office at Hartford on April 7th.   On April

10th, he began to work as a salesman for the defendant in Springfield, Massachusetts, having a drawing account, or salary, of $35 per week with an allowance for gasoline and oil of $8. He was to cover the territory of Springfield, Holyoke, Easthampton, Northampton, Greenfield and South Hadley. When employed by the defendant, it was known that O'Connor had an automobile which he would use in getting around his territory, and the defendant's manager understood that such use would be with the defendant's permission. It was more advantageous to the defendant and O'Connor would be able to do a better job if he used an automobile rather than buses or trains for transportation in that territory. The defendant knew that O'Connor was using his car continuously in the defendant's business in Massachusetts, and he was required to identify himself as the defendant's salesman. He had samples to carry, and carried three or four bushels of them in his car at the time of the collision. O'Connor testified that "very little instructions were given outside of following the regular route." Clifford, the defendant's sales manager and O'Connor himself all testified that the defendant had no right to control the way in which O'Connor covered the territory allotted to him, what time he should spend, what routes he should take, or whom he should visit. At the time of the collision, O'Connor was on the regular route from Greenfield, where he had called on some of the defendant's customers, to South Hadley to sell some of the defendant's products to a customer there.

Before the collision, the defendant had taken out a policy of insurance covering its liability because of the operation by O'Connor of his automobile in the defendant's business. The premium for this insurance was paid by the defendant and was not charged to O'Connor. The portion of the insurance policy referred

to is headed "Employers' Non-Ownership Automobile Liability" and has a subheading "(Named Employees and Direct Agents and Representatives)." The clause in the policy was very restricted, covering the liability of Clifford, Inc., for damages "resulting from the operation in the business of the Named Assured" of an automobile or motorcycle "provided such operation of commercial motor vehicles is occasional and not frequent." O'Connor was undoubtedly an agent and representative of Clifford, Inc., but it does not necessarily follow that in putting his name on the list the defendant classified him as an employee. The purpose of the policy was obviously to cover a situation where ordinarily the person named in using his own car was not the employee of the defendant; the policy was meant to cover situations where, on a particular occasion, an employee or representative was sent out on its business with instructions to use his own car, as, for instance, where it became necessary to make an emergency delivery. The terms of the policy imply that ordinarily the person in using his own car would not be acting as an employee and the real implication is rather that O'Connor ordinarily would not be an employee, but that he might become one on a particular occasion. There was also a letter subsequently written by Clifford's secretary which stated that O'Connor was no longer in the "employ" of the defendant; but the word "employ" has too general a significance to afford any substantial basis for attributing to it, as used in the letter, an admission that O'Connor was strictly an employee of the corporation rather than one representing it as an independent contractor. See Webster's New International Dictionary.

"When a person authorizes another to act for him in any state and the other does so act, whether he is liable for the tort of the other is determined by the law of

the place of wrong." Restatement, Conflict of Laws, § 387. The accident happened in Massachusetts and the substantive elements necessary to a recovery are governed by the law of that state. *Slobodnjak* v. *Coyne,* 116 Conn. 545, 546, 165 Atl. 681; *Ryan* v. *Scanlon,* 117 Conn. 428, 430, 168 Atl. 17; *James* v. *Von Schuckman,* 115 Conn. 490, 493, 162 Atl. 3. Whether or not the driver of a motor vehicle is an employee of another is a question involving a substantive element necessary to a recovery against that other for the driver's claimed negligence. We look to the law of Massachusetts, therefore, for determination of O'Connor's status at the time of the collision as that of employee or independent contractor. The law of Massachusetts is stated in *Reardon* v. *Coleman Bros., Inc.,* 277 Mass. 319, 321, 178 N. E. 638: "The test to determine whether the owner while driving his own automobile is acting as proprietor or as servant of another is whether he is in control so that he can at any time stop or continue and determine the way in which it shall be used or driven, not merely with reference to the result to be reached but with reference to the method of reaching that result even as to its small particulars. The vital inquiry concerns the right to control. If that right rests in the owner, he is acting as proprietor. If that right rests with another person, then he is the servant of that other person, who becomes responsible as master for the conduct of the owner." *Shepard* v. *Jacobs,* 204 Mass. 110, 112, 90 N. E. 392, 26 L. R. A. (N. S.) 442, 134 Am. St. Rep. 648; *Khoury* v. *Edison Electric Illuminating Co.,* 265 Mass. 236, 238, 164 N. E. 77, 60 A. L. R. 1159; *Bradley's Case,* 269 Mass. 399, 401, 169 N. E. 156; *Strong's Case,* 277 Mass. 243, 245, 178 N. E. 637. Under the law of Massachusetts which governs this phase of the case the evidence was not sufficient, viewing it in the

light most favorable to the plaintiff, to permit the jury reasonably to have found that at the time the plaintiff was injured O'Connor was acting as an employee of the defendant.

The letter previously referred to was admitted over the defendant's objection. Assuming that the writer had authority to speak for the defendant, it was admissible for such evidential value as it had. The same is true of the admission in evidence of the insurance policy, also objected to, for the purpose of showing that O'Connor was regarded by the defendant as an employee. *Marsh* v. *Beraldi,* 260 Mass. 225, 232, 157 N. E. 347.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MALTBIE, C. J., BROWN and JENNINGS, Js., concurred; ELLS, J., dissented.