Garsh, J.
Pursuant to G.L 151, §1A, the plaintiff, Lowell Salmons (“Salmons”), brings this action to recover overtime compensation.[1] Plaintiff now moves for partial summary judgment on the grounds that the undisputed material facts demonstrate that he was an employee of the defendant Anthony Manufacturing Co. (“Anthony Manufacturing”) and not an independent contractor performing services for that entity. For the reasons stated below, plaintiffs motion for partial summary judgment is ALLOWED.
BACKGROUND
The following facts are undisputed:
From late 1992 through Januaiy 29, 1997, Salmons performed various services for Anthony Manufacturing. Plaintiff was paid on a per hour basis. On some occasions, Salmons worked in excess of forty hours per week; he was not paid overtime compensation for those hours worked in excess of forty in any given week. The plaintiff was not able to delegate any of his responsibilities, could not hire helpers, and could not send another in his place. Anthony Fabrizio (“Fabrizio”), president of Anthony Manufacturing, directly supervised the plaintiff and controlled every detail of his work while in the shop. Indeed, at all relevant times, Salmons was under the direction and control of Fabrizio or one of defendant’s supervisors, with respect to all details and as to each and every aspect of his job.[2]
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). All evidence in the record is construed in favor of the party opposing the motion. Parent v. Stone & Webster Engineering Corp., 408 Mass. 108, 112-13 (1990).
A party moving for summary judgment who does not bear the burden of proof at trial can demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unable to submit proof of that element at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). The nonmoving party cannot defeat the motion for summary judgment, however, by resting on the pleadings and mere assertions that facts are disputed. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Once the moving party has met his burden, the nonmoving party must respond by alleging specific facts demonstrating the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17.
The legal principles that govern whether an individual is an employee or an independent contractor are the same as those that govern the common law test for determining whether an agent is a servant for *264 whose negligent acts a principal may be liable. Kelley v. Rossi, 395 Mass. 659, 661 (1985). See also McDermott’s Case, 283 Mass. 74, 75-76 (1933).
The essence of the distinction is the right of control. If the person doing the work is responsible only for the performance of what he agrees to do, in the way in which he agrees to do it, and is not subject to direction and control as to every detail of the work, he is an independent contractor. On the other hand, if at every moment with respect to every detail of the work, he is bound to obedience and subject to direction and control, as distinguished from a right of inspection and insistence that the contract be performed . . . then he is a servant or employee. Other considerations and tests are important only as they bear upon the right of control.
Id. at 76 (citations omitted). See also Kelley v. Rossi, 395 Mass. at 661 (characterizing the right to control as the “guiding principle” and holding summary judgment to be inappropriate where city’s right to direct and control doctor working in hospital emergency room is in dispute); Khoury v. Edison Electric Illuminating Co., 265 Mass. 236, 239 (1928) (“Although the conclusive test of the relationship of master and servant is the right to control, other factors may be considered in determining whether the right to control exists, but they are subordinate to this primary test”).
The common law test employed in Massachusetts to determine if an individual is a servant versus an independent contractor is consistent with the Restatement (Second) of Agency (1957), in which “servant” is defined as “a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other’s control or right to control.” Restatement (Second) of Agency §220(1). Comment (e) to this subsection points out that an individual rendering service who retains control over the manner of doing it is an independent contractor and not a servant. In determining whether one acting for another is a servant or an independent contractor, the following factors, among others, are considered:
(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation . . . ;
(d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment. . . ;
(i) whether or not the parties believe they are creating the relation of master and servant; and
(j) whether the principal is or is not in business.
Restatement (Second) of Agency §220(2).
Relying upon such factors, Anthony Manufacturing contends that summary judgment is inappropriate because, inter alia, there is evidence that (1) when Salmons started working for Anthony Manufacturing, he utilized his own paint brushes, spray gun, and respirator, (2) Salmons did not arrive to work at the same time as other employees and did not want to punch in a time clock, (3) Fabrizio did not feel responsible for the conduct of Salmons, (4) Salmons did not want to be a full-time employee, and (5) Salmons worked other places while he was an alleged employee of Anthony Manufacturing. However, such facts may not be used to establish that an individual is not a servant where it is conceded that the individual at issue, with respect to the physical conduct in the performance of the services, is subject to the other’s control or right to control.[3] Rather, where there only has been a showing of some element of control, but the right to control eveiy detail of the work is disputed, then the fact finder must look to a variety of factors, including the extent of control, to determine whether a worker is a servant, i.e., someone subject to the other’s control or right to control with respect to the physical conduct in the performance of the services. E.g., Restatement (Second) of Agency §220 (2), comment j (“ [i]f the time of employment is short, the worker is less apt to subject himself to control as to details and the job is more likely to be considered his job than the job of the one employing him”); comment k (“if the worker is using his employer’s tools or instrumentalities, especially if they are of substantial value, it is normally understood that he will follow the directions of the owner in their use . . .”); comment m (belief as to the existence of a master-servant relationship is relevant only “insofar as such belief indicates an assumption of control by the one and submission to control by the other”).
Dykes v. DePuy, Inc., 140 F.3d 31 (1st Cir. 1998), relied upon by the defendant, does not support the proposition that when some of the factors outlined in Restatement (Second) of Agency §220(2) are disputed, summary judgment must be denied even if there is no dispute that the defendant controlled the plaintiff with respect to all details and as to each and every aspect of his job. In Dykes, the defendant did not concede that it controlled or had the right to control the plaintiff as to all details and each and every aspect of his job. The Court held that the plaintiff, a sales representative, could not bring suit under various statutes providing causes of action to employees because the plaintiff “enjoyed broad control over his day-to-day business.” Id. at 38. The plaintiff in Dykes set his own hours, paid his own salary, decided where and when to make sales calls, conducted business through his own corporate entity, was paid on a commission basis, controlled the employment and salaries of his office *265 staff and sales associates, rented and maintained his office space, and did not report regularly to defendant. Id. Accordingly, the Court held that no reasonable fact finder could conclude that the plaintiff was an employee. Id at 39.
Cases like Dykes look to multiple factors to assist in determining the nature of the employment relationship because total control as to every detail of the work has not otherwise been definitively established. Speen v. Crown Clothing Corp., 102 F.3d 625 (1st Cir. 1996), a case cited with support in Dykes, makes this very point. In Speen, the plaintiff, a clothing salesman, claimed that he was an employee because the defendant enjoyed the right to control his labor by requiring him to call in his orders every night and use the defendant’s special order forms. Id. at 629. The trial court was found to have appropriately relied on the multi-factor test because such limited evidence of control did not demonstrate that the plaintiff was subject to direction and control as to every detail of the work to be performed. The level of detail “necessary to conclusively establish employee status without looking to any of the additional ‘subordinate’ factors” is employer control at every moment, with respect to every detail. Id. at 630. “[T)he multifactored test is triggered when employer control does not encompass the person hired ‘at every moment, with respect to every detail.’ ” Id., citing McDermott's Case, 283 Mass. at 76. The failure to demonstrate such a right of control is “the gateway to a multifactored analysis.” Id.
A multi-factor analysis is the norm because rarely is it undisputed that the defendant has controlled the plaintiff at every moment, with respect to every detail of the work performed for the defendant. This is the exceptional case in which the need to engage in a multi-factor analysis has been obviated by the uncontroverted fact that, at all relevant times, Salmons was under the direction and control of the defendant’s president or one of the defendant’s supervisors with respect to all details and as to each and every aspect of his job.[4] Because Salmons has proven that the defendant controlled him with respect to all details and as to each and every aspect of his job, he was an employee of the defendant as a matter of law.
As an employee who was not engaged in an occupation excluded from overtime compensation, Salmons was entitled to no less than one and one-half times his regular rate of pay for those weeks in which he worked more than forty hours. G.L 151, § 1A. Pursuant to c. 151, §1B, the plaintiff may recover three times the full amount of such overtime rate of compensation less any amount actually paid to him by Anthony Manufacturing, together with costs and reasonable attorneys fees.
ORDER
For the foregoing reasons, it is ORDERED that plaintiffs motion for partial summary judgment as to liability on Count I is ALLOWED.

A11 remaining claims have been withdrawn by stipulation of the parties.

Salmons’ statement of undisputed facts, filed pursuant to Superior Court Rule 9A(b)(5), asserted, “At all relevant times hereto Plaintiff was under the direction and control of Fabrizio or one of defendant’s supervisors, with respect to all details and as to each and every aspect of his job.” Defendant chose not to dispute this assertion in its response to the plaintiffs statement: pursuant to Superior Court Rule 9A(b)(5), such failure to respond constitutes an admission.

See, e.g., Restatement (Second) of Torts §220(1), comment c (only if it is unclear whether there is, or is not, a master and servant relationship does the jury determine the question after being instructed as to the factors to be considered).

Defendant cites no case in which the multi-factor analysis was employed to determine if a person acted as an employee or independent contractor where it was undisputed that the individual performing the work was under the direction or control of the person for whom the work was performed with respect to all details and as to each and every aspect of his job.