## ALBERT E. STRONG'S CASE.

Hampden.    September 17, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* To whom act applies.  *Agency,* Existence of relation, Independent contractor.

Where, in proceedings under the workmen's compensation act, it appeared that the claimant owned and drove a truck and was hired by a city to transport sand and gravel at a certain sum per cubic yard and that the management and control of the operation of the truck remained in him, a finding, that he was an employee of the city at the time he was injured by reason of the truck's going over an embankment to which he had backed it up pursuant to orders given him, was not warranted, and a finding was required that he was an independent contractor, although there was evidence warranting findings that he was subject to direction as to the place where the material was to be put on his truck and the place where it was to be deposited and occasionally as to the route to be followed between the two places; that the city "had the right to and exercised very close supervision of the way and manner in which he performed his work"; and that a representative of the city was giving him directions in backing at the time the truck went over the embankment.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board.   The city of Holyoke was both employer and insurer.

Material evidence at the hearing before a single member of the board is stated in the opinion.   In addition to the findings by the single member stated therein, he found that "the claimant in this case was a laborer or workman in the employ of the city of Holyoke, that his injury . . . was

received by him while he was obeying orders given him by a representative of the city, and that his injury arose out of and in the course of his employment."

The board in review ruled as a matter of law that "the claimant was an independent contractor while engaged in the operation of his own automobile truck at the time of his injury and that there is no liability upon the city of Holyoke under the provisions of the statute."

In the Superior Court, a decree was entered by order of *Whiting*, J., to the effect that the employee received an injury arising out of and in the course of his employment, and ordering the payment of compensation by the insurer of the city. The insurer appealed.

The case was submitted on briefs.

*W. E. Kirkpatrick*, for the insurer.

*F. E. Button*, for the claimant.

Rugg, C.J. There was evidence from which, in its aspect most favorable to the claimant, these facts might have been found: The claimant owned and drove a truck. He transported sand and gravel from land of the city of Holyoke, where a power shovel was in operation to load his and other trucks, over a considerable distance of highway to the Springdale Dyke where the material was automatically unloaded. He was paid by the city $.35 a cubic yard for the transportation of the material. That sum included the use of the truck and his services as driver. There was a boss of the city at the loading place who gave directions where to put the truck for loading. At the Dyke was another boss in the employ of the city who directed where the truck was to be driven for unloading and also gave directions in backing the truck. On the day of the injury in following such directions the claimant backed his truck to a place where there had been a cave-in, the truck went down an embankment and he was injured. In addition to directions as to the precise places to go for loading and for unloading his truck, the claimant frequently was told which road or street to take in going between the places for loading and unloading. If a driver came with a light load, the boss at the dumping place would tell him to get a bigger load thereafter. The claimant

testified that he "was bossed just the same as if he was any city worker," that he could be laid off if not wanted, that he had control of his truck so far as he drove it, and that if late in reporting for work he was sent home and if late too often was "liable to be fired." The findings of fact made by the single member and adopted as their own by the reviewing board were these: "While the petitioner owned and drove his own team, by reason of the actual conditions under which his contract of employment were performed, the city of Holyoke, had the right to and exercised very close supervision of the way and manner in which he performed his work. At the time of his injury, according to the employee corroborated by the city's representative, O'Connor, the latter directed him in backing his truck. I find that, in following the instructions and orders thus given, petitioner backed up to a place where there had been a cave-in and his truck went down the fifteen foot embankment. I find that O'Connor was in front of Strong's truck directing the latter and that as a result of these directions which Strong was obliged to follow, he met with his injury." These findings were warranted by the evidence and must be accepted as the basis of the decision.

It is manifest from these facts that the expenses incident to the care, repair and operation of the truck rested on the claimant as owner and manager of the truck. Responsibility for negligence in driving the truck also rested upon him. The representatives of the city of Holyoke had no right to direct him as to the method of driving his truck or to discharge him from the work of driving the truck. All they could do was to end the contract for transportation of material and require him to leave with his truck.

Relative rights and liabilities of the owner and hirer of teams and trucks in similar circumstances have been fully discussed. The principles of law need no further elaboration at this time. *Shepard* v. *Jacobs*, 204 Mass. 110, and cases there collected and reviewed. *Standard Oil Co.* v. *Anderson*, 212 U. S. 215. *Performing Right Society, Ltd.* v. *Mitchell & Booker (Palais de Danse), Ltd.* [1924] 1 K. B. 762, where the English cases are reviewed at length. It only need be said

that all the circumstances of the contract are entitled to their appropriate weight in determining whether one is a servant or an independent contractor. In a case like the present the important factor is whether the work to be done is, as to its manner and detail of performance, under the control of the one paying the price, or whether the work is to produce a given result according in general to the discretion of the one performing the work. The work of the claimant was to transport the material in his own truck at a price based upon quantity moved. He was subject to direction as to the place where the material was to be put on his truck and the place where it was to be deposited and occasionally as to the route to be followed between the two places. The management and control of the truck remained in the claimant. We are of opinion that the evidence in the case at bar with its permissible inferences did not warrant a finding that the claimant was in any true sense the employee of the city of Holyoke. It requires a finding that he was an independent contractor. *Pigeon's Case,* 216 Mass. 51. *Centrello's Case,* 232 Mass. 456. *Winslow's Case,* 232 Mass. 458. *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574. *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236. *Schofield's Case,* 272 Mass. 229. *Hardaker's Case,* 274 Mass. 7. *Child's Case,* 274 Mass. 97. The ruling of the reviewing board to the effect that there was no liability on the city of Holyoke under the workmen's compensation act was right.

*Decree reversed.*

*Decree to be entered in favor of the city of Holyoke.*