MARY A. GOYETTE *vs.* P. J. KENNEDY & COMPANY, INC.

Hampden.   October 2, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Agency,* Existence of relation.

At the trial of an action against a corporation for damage resulting from a collision on a public way between the plaintiff's automobile and a large trailer owned by the defendant, which was of the platform style, weighed about ten tons, had no motive power and was equipped with a hand brake, there was evidence that the defendant rented the trailer under an arrangement entitling the person hiring it to the services of one of the defendant's servants, whose task was to have general charge of the trailer and its lights, and to remain on it while it was being hauled, such servant's pay being included in the rent charged by the defendant; and that the trailer at the time of the accident was in charge of the defendant's servant and was being hauled by a motor truck of the hirer operated by his employee, who took orders from him and not from the defendant. There was further evidence that the president of the defendant, driving ahead of the truck and trailer, stopped at a bridge to direct traffic while they were crossing it just previous to the collision. There was a finding for the plaintiff. *Held,* that it could not properly have been ruled that by reason of the hiring the defendant's servant had become a servant of the hirer, so that the defendant was not liable for his conduct: it was a question of fact whether the defendant had surrendered for the time being its control over its servant and whether its servant had assented to become the servant of the hirer.

TORT. Writ in the District Court of Holyoke dated August 13, 1929.

Material evidence at the trial in the District Court before *Davenport,* J., is stated in the opinion. The trial judge refused rulings requested by the defendant, among others, that the plaintiff could not recover on the evidence and the law and that "Upon the uncontradicted evidence, the trailer and the man to care for the brakes, was [*sic*] under the direction and control of Gleason Brothers, and not the defendant." The judge found for the plaintiff in the sum of $600 and reported the action to the Appellate Division

for the Western District. The report was ordered dismissed and the defendant appealed.

The case was submitted on briefs.

*E. A. Lynch & N. J. Moriarty*, for the defendant.

*W. T. Dillon & J. D. Ross*, for the plaintiff.

PIERCE, J. This action of tort, originally heard in a district court, comes here on the appeal of the defendant from the decision of the Appellate Division of that court dismissing the report of the special justice.

The following facts appear in the report: After dark on the night of June 14, 1929, in Hadley, Massachusetts, there was a collision on a public highway between an automobile owned by the plaintiff and the defendant's trailer, which caused the damages alleged to have been sustained by the plaintiff at the time of said collision. The trailer referred to was of the platform style, weighed about ten tons, had no motive power of its own, and was equipped with a hand brake, made necessary by its weight. Prior to, and at the time of said collision, the trailer was being hauled by a four-ton motor truck, operated by a paid employee of a firm called Gleason Brothers. This firm had hired the trailer of the defendant. The hire of the trailer included the services of one of the defendant's servants, whose task was to have general charge of it and of the lights thereof, and to remain on it while it was being hauled. The rent charged by the defendant for the use of the trailer included the pay of the employee who accompanied the trailer. The terms of the hiring required that the trailer be returned to the defendant at a designated place in Hadley, and it was being hauled there by the truck of Gleason Brothers at the time of the accident.

The driver of the truck testified, in substance, that he was in the employ of Gleason Brothers and on the day in question took his orders from that firm; that he took no orders from the president of the defendant corporation; and that he was instructed by his employer to return the trailer to a designated place in Hadley. The president of the defendant corporation testified that he drove on ahead of the truck and trailer and waited at a narrow bridge which

crosses the Connecticut River; "that upon the arrival at the bridge of Gleason Brothers' truck, pulling the trailer, he, Kennedy, stepped out of his car on the Hadley side of the river and held up traffic until the truck and trailer had crossed the bridge; that the truck and trailer then continued on the paved Northampton-Hadley road while he, Kennedy, drove off on another road, intending to meet the truck and trailer at the point designated for the return of the trailer to the defendant. The truck and trailer had travelled not over a quarter of a mile when the accident happened."

The defendant does not deny that the employee who had charge of the trailer at the time of the collision was negligent, but contends that such negligence was not the cause of the injury which the plaintiff sustained. The several requests for rulings made by the defendant and denied at the hearing are restated in the defendant's brief in the following form: "(1) that the defendant's employee, who was in charge of the trailer at the time of the accident, became the servant of Gleason Brothers of Northampton, under the terms of the contract of hire of the trailer; (2) that at the time of the accident the trailer was under the exclusive control of the driver of the propelling truck, who at the time was acting under the instructions only of his employers, the said Gleason Brothers; (3) that the defendant is not liable, therefore, for the negligence in this case."

We consider the case on the assumption that the above statement of the defendant's contention marks the limits of its defence. It could not have been ruled, as requested, that the servant of the defendant became, under the terms of the hiring, the servant of the owner of the propelling truck, because in the absence of clear terms in the contract to that end it was a question of fact on all the evidence whether the owner of the trailer had surrendered for the time being its control over its servant, who was to have general charge of the trailer and was to accompany it until it was returned to the owner, and whether such servant assented to become the servant of the owner of the propelling truck while he was in charge of the trailer. *Reagan*

v. *Casey*, 160 Mass. 374. On the general question involved see *Shepard* v. *Jacobs*, 204 Mass. 110; *Hunt* v. *New York, New Haven & Hartford Railroad*, 212 Mass. 102, 107; *Mahoney* v. *New York, New Haven & Hartford Railroad*, 240 Mass. 8, 12; *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574, 576; *Marsh* v. *Beraldi*, 260 Mass. 225; *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236, 239. We find no reversible error. It follows that the order "Report dismissed" must be affirmed.

*So ordered.*