RAYMOND WALL'S CASE.

Suffolk.    December 5, 1935. — December 31, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Workmen's Compensation Act*, To whom act applies.    *Agency*, What constitutes.

On evidence in proceedings under the workmen's compensation act that the owner of a truck let it to a town for the purpose of plowing snow at a certain rate per hour which included "one man and a driver," that though the claimant, who was a man so included, was paid his wages by the truck owner, he was subject to the sole control of the town's superintendent of streets as to what work to do and when,

where and just how to do it, and that he was injured while operating a plow owned by the town attached to the truck, which was driven by another, a finding was warranted that at that time the claimant was an employee of the town.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

A decree in accordance with the board's decision was entered by order of *Cox*, J. The insurer appealed.

*W. W. Jump*, for the insurer.

*E. E. Clark*, (*B. A. Petkun* with him,) for the claimant.

QUA, J. The Industrial Accident Board has found that the claimant at the time of his injury on February 17, 1935, was an employee of the town of Westford and has awarded him compensation to be paid by the town's insurer. The only question presented is whether the evidence will support the finding.

For six or seven years the employee had been working for L. P. Palmer and Sons driving one of their trucks in connection with their quarrying business, but did no work for them in the winter when the quarry was shut down. In the winter L. P. Palmer and Sons let out their trucks to the town whenever required for the purpose of plowing snow on the highways at a fixed price per hour, which included "one man and a driver." L. P. Palmer and Sons paid the men and rendered bills to the town based upon the number of hours the trucks were in use. The claimant was injured while operating a plow upon a truck driven by another employee.

When the owner of a vehicle lets it out to another, together with an employee to operate it, the operator commonly remains the servant of the owner, and this is true even though the hirer may give him orders for the purpose of making sure that the work accomplished is that which he desires to have done. But if by the understanding of the parties the hirer has the right to control the details of operation as such and not merely with reference to results, the operator becomes the servant of the hirer. *Driscoll* v. *Towle*, 181 Mass. 416. *Shepard* v. *Jacobs*, 204 Mass. 110. *Mahoney* v. *New York, New Haven & Hartford Railroad*, 240 Mass. 8.

There was evidence which supports, though it does not require, the decision of the board that the present case is within the latter class and not the former. These facts could have been found: One Healy, the town's superintendent of highways, notified the employees when they were needed. Healy was the "boss." He told the claimant when to work, where to work, what to do and how to do it, and could tell him when to stop. The claimant took orders from Healy and from no one else. Healy could put a driver on a truck without consulting Mr. Palmer. He gave particular directions as to how the plowing should be done. Shortly before the accident Healy had caused the claimant to be transferred from one truck to another. And there is much force in the further circumstance that at the time of the accident the claimant was not driving the truck, but was operating a heavy plow which was owned by the town and which had been attached to the truck at the town's expense. The plow was managed by a separate wheel at the right hand side of the cab. The claimant fell as he was standing on the running board with one hand on this wheel trying to wipe snow from the windshield with the other hand so that he could see to plow. It could have been found that the injury arose more out of the operation of the town plow than of the Palmer truck.

There was also evidence tending the other way, but the question was one of fact. *Coughlan* v. *Cambridge*, 166 Mass. 268. *Scribner's Case*, 231 Mass. 132. *Ferrara's Case*, 269 Mass. 243. The case is distinguishable from *Comerford's Case*, 224 Mass. 571, *Clancy's Case*, 228 Mass. 316, and *Strong's Case*, 277 Mass. 243, and cases there cited.

*Decree affirmed.*