LILLIAN E. GARFIELD, administratrix, *vs.* CHARLES SMITH
(and five companion cases[1]).

Suffolk. December 4, 1944. — February 7, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Agency,* What constitutes. *Motor Vehicle,* Operation, Interstate commerce, Lease of motor vehicle. *Interstate Commerce. Carrier,* Motor truck. *Evidence,* Relevancy and materiality.

A document, containing a "ruling," so called, by a "director" of the bureau of motor carriers of the interstate commerce commission, that "The lease . . . by which the equipment of an authorized operator is augmented, must be of such a character that the possession and control of the vehicle is . . . entirely vested in the authorized operator in such a way as to be good against all the world, including the lessor; that the operation thereof must be conducted under the supervision and control of such carrier; and that the vehicle must be operated by persons who are employees of the authorized operator, that is to say, who stand in the relation of servant to him as master," did not supersede G. L. (Ter. Ed.) c. 231, § 85A, and properly was excluded when offered as evidence by the defendant in an action for injuries sustained in a collision on a public way caused by negligence of the operator of a motor truck registered in the name of the defendant and under lease to a carrier to which had been issued a permit under the motor carrier act, U. S. C. (1940 ed.) Title 49, §§ 301–327.

Construction of all the provisions of a certain lease of a motor tractor and trailer by its owner, in whose name it was registered, to a carrier to which had been issued a permit under the motor carrier act, U. S. C. (1940 ed.) Title 49, §§ 301–327, would not have warranted a ruling that, at the time of a collision caused by negligence of the operator, who was in the general employ of the lessor and was furnished with the equipment in accordance with the lease, he was not an employee of the lessor with respect to the operation of the equipment although among provisions of the lease dealing with control of the operator there was one clause for complete control of him by the lessee: the question, whether he was an employee of the lessor respecting the operation was for the jury at the trial of an action against the lessor for injuries resulting from such negligence.

SIX ACTIONS OF TORT. Writs in the actions against Charles Smith in the Municipal Court of the City of Boston

---

[1] The companion cases are: John E. Baker *vs.* Charles Smith; Doris M. Ward *vs.* Charles Smith; Lillian E. Garfield, administratrix, *vs.* D. and W. Line, Inc.; John E. Baker *vs.* D. and W. Line, Inc.; Doris M. Ward *vs.* D. and W. Line, Inc.

dated May 23, 1942; writs in the actions against D. and W. Line, Inc., in the Municipal Court of the Roxbury District dated June 5, 1942.

In the answer in each of the actions against D. and W. Line, Inc., there was an allegation that the collision in question was "in no way caused by this defendant, or by any person acting with, through, for or under this defendant, or by any person for whose negligence this defendant is legally responsible."

On removal to the Superior Court, the actions were tried together before *Swift*, J.

Provisions of the lease referred to in the opinion, material to this decision, were as follows:

(1) Performance under this lease and use of said equipment hereunder shall be in accordance with the requirements of the Motor Carrier Act, 1935, and of lawful rules and regulations of the Interstate Commerce Commission under said act.

(2) Lessor covenants and warrants that:

(a) Lessee shall have quiet and peaceful use and possession of said equipment hereunder and Lessor will indemnify and save harmless Lessee against and from any loss, damage or expense resulting from claims or demands of other parties in respect to said equipment.

(b) Lessor will maintain said equipment in first class condition for operation hereunder at its full capacity, keeping it adequately furnished with tires, accessories and all safety appliances required by any Governmental authority; and will keep it covered with proper plates or other authorization required by any state in which operated hereunder.

(c) Lessee is released from and will not be held liable on any claim for damage to or loss of said equipment (except such as is the direct result of wilful and wanton negligence of Lessee's regular employees while the same is under lease to Lessee). For purposes of this clause (c), no person who has ever been employed by Lessor or who has been furnished by Lessor to operate or assist

on said equipment, during this lease or any extension or renewal hereof, shall be deemed to be a regular employee of Lessee.

(d) If the time of termination of this lease or any renewal should come while said equipment is enroute hereunder, with Lessee's freight, this lease or any renewal shall be automatically extended until said freight has been completely unloaded at the point or points of delivery in the zone of destination.

(e) Lessee's freight may be loaded or delivered at one or more points in each zone.

(f). Lessor will bear the expense of and pay for all repairs (except those for which Lessee is responsible hereunder), gasoline, lubricants, tires or other accessories required for said equipment in operation hereunder; and if Lessee pays for any of the foregoing, Lessor will promptly reimburse Lessee for the amount thereof.

(g) Any additions to or improvements on said equipment by Lessee (except repairs for which Lessee is liable) remain the property of Lessee and may be removed by it within reasonable time after termination of this lease or any renewal.

(h) While said equipment is used by Lessee, every operator and every helper thereon shall be under the complete control or direction of Lessee.

The "ruling" in a document captioned "Interstate Commerce Commission Bureau of Motor Carriers," referred to in the opinion, was in the following language:

Question: Under what circumstances may a carrier add to its equipment by leasing a vehicle and obtaining the service of its owner-driver?

Answer: The lease or other arrangement by which the equipment of an authorized operator is augmented, must be of such a character that the possession and control of the vehicle is, for the period of the lease, entirely vested in the authorized operator in such way as to be good against all the world, including the lessor; that the opera-

tion thereof must be conducted under the supervision and control of such carrier; and that the vehicle must be operated by persons who are employees of the authorized operator, that is to say, who stand in the relation of servant to him as master.

JOHN L. ROGERS<br>Director

*H. S. Avery,* for the defendants.
*A. M. Donahue,* for the plaintiffs.

RONAN, J.   These six actions of tort arise out of a collision of an automobile with a truck or tractor owned by and registered in the name of the D. and W. Line, Inc., operated by the defendant Smith, and leased to the Old Colony Motor Lines, Inc.   The collision occurred while the tractor, drawing a trailer loaded with goods, was being driven along a public way in Watertown in the early evening of February 19, 1942, on its way to New York city.   The jury returned verdicts for the plaintiffs.   The defendants concede that the two individual plaintiffs, and also the intestate, were in the exercise of due care and that the evidence was ample to show that the accident was caused by the negligence of Smith.   The substantial question raised by various exceptions is whether the evidence was sufficient to prove that Smith in operating the truck was acting as the employee of the D. and W. Line, Inc.

We summarize briefly some of the material facts which could be found from the evidence.   The interstate commerce commission had issued to the Old Colony Motor Lines, Inc., a certificate or a permit under the motor carrier act, U. S. C. (1940 ed.) Title 49, §§ 301–327, authorizing it to transport goods between Boston and New York city. It was the practice of the Old Colony Motor Lines, Inc., hereinafter called Old Colony, to hire a tractor and trailer, together with an operator, from the D. and W. Line, Inc., hereinafter called the defendant, when it had more business than it could handle with its own rolling stock.   On the afternoon of February 19, 1942, the defendant left a tractor and trailer at the terminal of the Old Colony where the trailer was loaded by the Old Colony.   Smith, who was

in the general employ of the defendant, was sent by the defendant to drive the tractor and trailer to New York city. He went to the office of the Old Colony where a lease of the tractor and trailer to the Old Colony was executed by the Old Colony and by Smith in behalf of the defendant. The lease was for the term of one day at a fixed rental for a one-way trip between Boston and New York city and a certain sum for the operator's wages. The operator was covered by workmen's compensation insurance secured by the Old Colony, and a sum for social security was deducted from his wages whether they were paid directly to him by the Old Colony or by the defendant.

The defendant excepted to the exclusion of a document entitled "Ruling No. 4" dated August 19, 1936, and captioned "Interstate Commerce Commission Bureau of Motor Carriers." This ruling, so called, was in effect a statement that a carrier hiring a motor vehicle should do so by a lease which should contain provisions by which exclusive control of the vehicle and the operator would be transferred to the lessee. It did not establish any general rule that in every case the operator must become the employee of the lessee and went no farther than to point out a method by which this might be accomplished. It was advisory in character and purported to represent an interpretation by the bureau of the motor carrier act. Whatever force and effect this interpretation might have in its appropriate field, it did not supersede, as the defendant contends, our statute, G. L. (Ter. Ed.) c. 231, § 85A, which provides that the registration of a motor vehicle in the name of the owner is prima facie evidence that the motor vehicle "was then being operated by and under the control of a person for whose conduct the defendant [the registered owner] was legally responsible." This statute was designed to protect the safety of travellers upon our public ways and it was not rendered inapplicable or in any way affected by the so called ruling in instances where the traveller was injured by the negligent operation of a motor vehicle engaged in interstate commerce. This ruling was not material and there was no error in its exclusion. *Apger* v. *New York*

*Central Railroad,* 310 Mass. 495, 499. *Maurer* v. *Hamilton,* 309 U. S. 598. *Acme Freight Lines, Inc.* v. *Blackmon,* 131 Fed. (2d) 62. *Hodges* v. *Johnson,* 52 Fed. Sup. 488. *Wright* v. *Des Moines Railway,* 231 Iowa, 410. *McCanless* v. *South-eastern Greyhound Lines, Inc.* 178 Tenn. 614. *State* v. *Kelly,* 192 Wash. 394. *Darnall Trucking Co. Inc.* v. *Simpson,* 122 W. Va. 656.

The relation of the operator to the defendant must be determined by the provisions of the lease. The entire lease was properly admitted in evidence. The parties may have intended to comply with the ruling and draft a lease that would make the operator the employee of the lessee alone, but the lease is to be construed in accordance with its terms. It is true that clause (h) provides for the complete control of the operator by the lessee, but that clause does not stand alone and it must be construed with all the remaining clauses, giving appropriate effect to each of them as parts of a single contract. It is to be assumed that the parties considered that all the provisions of the lease were necessary and adequate to establish their rights in the performance of the transaction which they had undertaken. *Crimmins & Peirce Co.* v. *Kidder Peabody Acceptance Corp.* 282 Mass. 367. *Radio Corp. of America* v. *Raytheon Manuf. Co.* 300 Mass. 113. *J. F. Fitzgerald Construction Co.* v. *Southbridge Water Supply Co.* 304 Mass. 130. *Morgan* v. *Burlington,* 316 Mass. 413.

It is to be noted that the selection of the operator rested with the lessor, and that the lease included not only the equipment but the equipment with an operator furnished by the lessor. There is nothing in the lease empowering the lessee to discharge the operator or to substitute another in his stead. The lessor was required to keep the equipment in good operating condition and was responsible for any repairs that became necessary during the trip. The operator remained the representative of the lessor to the extent necessary to protect the property of the lessor. The lessee was liable for any damage sustained by the equipment and caused by a regular employee of the lessee but not including damage due to the negligence of the

operator. The operator was never free at any time during the trip from his obligations to the lessor to use the vehicle in a prudent and proper manner, and, whatever degree of control the lessee had over him, it could not direct and require the operator to act in such a way as would incur damage to the vehicle. It is not inconsistent for the same person to act as an employee of one person in certain aspects of a transaction and as an employee of another in a different part of the business. *McDermott's Case,* 283 Mass. 74, 77, and cases cited. Without further analyzing the lease and the testimony, enough appears to show that it could not be ruled that the operator in the manner in which he drove the truck at the time of the accident was not an employee of the defendant. The question was properly submitted to the jury. *Delory* v. *Blodgett,* 185 Mass. 126. *Shepard* v. *Jacobs,* 204 Mass. 110. *Hunt* v. *New York, New Haven & Hartford Railroad,* 212 Mass. 102. *Mahoney* v. *New York, New Haven & Hartford Railroad,* 240 Mass. 8. *Strong's Case,* 277 Mass. 243. *Goyette* v. *P. J. Kennedy & Co. Inc.* 277 Mass. 283. *Wall's Case,* 293 Mass. 93.

We need not discuss exceptions to the charge, to the denial of the requests for instructions, or to the refusal to direct verdicts, all of which were based upon the ground that the operator was the employee of the lessee. There is nothing in the other rulings on evidence calling for further discussion.

*Exceptions overruled.* [1]

---

[1] Petitions by D. and W. Line, Inc., for certiorari were dismissed by the United States Supreme Court on June 18, 1945.