KOSTIAL, ADMR. *v.* AERO MAYFLOWER TRANSIT COMPANY

[No. 17,777. Filed May 9, 1949.
Rehearing denied June 2, 1949.
Transfer denied October 14, 1949.]

378

*William J. Reed* and *Paul E. Reed,* both of Knox, for appellant.

*Draper & Eichhorn,* of Gary; and *Alfred J. Link,* of LaPorte, for appellee.

ROYSE, P. J.—Appellant brought this action against appellee for damages for the wrongful death of Joseph Dancho, Sr., who left surviving his widow and minor son. At the conclusion of appellant's evidence the trial court sustained appellee's motion to direct a verdict for it. From the judgment following that verdict this appeal is prosecuted.

The rule which must guide our decision in this case may be summarized as follows: While it is the duty of the trial court to direct a verdict for the defendant when the plaintiff fails to establish by competent evidence a prima facie case, it is always reversible error for the court to direct a verdict for the defendant when considering the evidence and the reasonable inferences which may be drawn therefrom

that are most favorable to the plaintiff, reasonable men might differ as to whether plaintiff, by his evidence, has made a prima facie case. The foregoing rule is so well established by the decisions of our courts that we deem it unnecessary to cite authorities in support of it.

The evidence and the reasonable inferences which may be drawn therefrom disclose the following facts: On the night of October 16, 1944, appellant's decedent was riding as a passenger in the automobile of one Earl J. Lortz on U. S. Highway No. 12. (This is a four-lane highway which runs in a general east and west direction between East Chicago and Gary. At certain points it bends to the north or south.) Decedent and Lortz were fellow-employees and had quit work at midnight. They were traveling east on said highway from East Chicago to their homes in Gary. There is a bend in the highway east of Indiana Harbor. At a point about 100 yards west of this bend they were traveling at a speed of about 20 miles per hour. At this point they ran into a fog so dense an unlighted object could not be seen at a distance of more than five feet. Lortz who was driving slowed down almost to a stop. He opened the door of his car and looked down so he could see the direction of the pavement. He ended up off the highway on the left (north) hand side of the road. The right back wheel of his car was about six inches on the highway. When Lortz stopped decedent got out of the car with a lighted flash-light in hand and stood in front of the car waving the flash-light. Lortz observed the lights of another car approaching from the east. It had to travel about one block, or 800 feet, through the fog. This car struck decedent and threw his body with such force and violence that it smashed the right back door of the Lortz automobile. Decedent had been out of the car about a minute when the accident occurred. He died three days later.

Lortz, who had driven an automobile since 1915, estimated the speed of the car which struck decedent to be forty miles per hour at the time he first saw it. When he saw the approaching car he could not determine whether it was a truck or passenger car. The vehicle which struck decedent scraped the right rear fender and bumper of the Lortz car and left a yellow mark on it. The truck of appellee was painted yellow and stopped about 150 feet west of the point of the accident. It bore appellee's name.

Appellee, by its answer, admitted that at the time referred to in appellant's complaint it was operating its truck on this highway.

We are of the opinion the foregoing facts were sufficient to require the submission of this case to the jury. In considering the question of whether appellee's truck was being negligently operated and whether such negligence was the proximate cause of decedent's death, it was for the jury to determine from all the circumstances and conditions as shown by the evidence whether Lortz's estimate of the speed of the truck was reasonable or probable. On this question they also had the right to consider the force and violence of the impact of the truck against decedent's body. Likewise, the distance the truck traveled through the fog.

While there was some contradiction in the testimony of the only eye witness (Lortz) as to whether decedent was standing on the paved road or just off of it at the time of the accident, the jury had the right to determine this matter. *McKee* v. *Mutual Life Insurance Company of New York* (1943), 222 Ind. 10, 15, 51 N. E. 2d 474. The question of just where decedent was standing at the moment of the impact would not establish as a matter of law decedent's contributory negligence. It was for the jury to determine

from all the facts and circumstances in this case whether decedent was guilty of such negligence.

While based on different facts, the principles announced by our Supreme Court in the well-reasoned opinion of Judge Young in *Hubble* v. *Brown* (1949), 227 Ind. 202, 84 N. E. 2d 891, are applicable to this case.

Therefore, the judgment of the LaPorte Circuit Court is reversed.

Draper, J.—Not participating.

Bowen, J.—Dissents with opinion.

Crumpacker, C. J.—Dissents.

## DISSENTING OPINION

BOWEN, J.—I cannot agree with the majority opinion in this case.

It is well settled that the trial court may, and it is its duty upon proper request, to direct a verdict for the defendant in cases where the evidence most favorable to the plaintiff, together with all reasonable inferences which a jury might draw therefrom, is insufficient to establish one or more facts essential to the plaintiff's right of action. *Patterson* v. *Southern R. Co. of Ind.* (1912), 52 Ind. App. 618, 99 N. E. 491; *Cleveland etc., R. Co.* v. *Haas* (1905), 35 Ind. App. 626, 74 N. E. 1003; *Tabor* v. *Continental Baking Co.* (1941), 110 Ind. App. 633, 38 N. E. 2d 257.

The foregoing rule only applies where it clearly appears that the evidence fails to establish one or more of the facts essential to a recovery, and where the facts and the reasonable inferences which may be drawn therefrom are not disputed and where the only possible inference to be drawn therefrom is favorable to the party asking the instruction. *Lyons* v. *City of New*

*Albany* (1913), 54 Ind. App. 416, 103 N. E. 20; *Roberts* v. *Terre Haute Electric Co.* (1905), 37 Ind. App. 664, 76 N. E. 323; *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 87 N. E. 723.

The principal proposition for the determination of this court in passing upon the appellant's assignment of error is the question, whether it was proper for the trial court to direct a verdict for the defendant on the issue of contributory negligence of plaintiff's decedent; and, whether the evidence as to such contributory negligence was undisputed, and whether, considering only reasonable inferences favorable to appellant, the appellant's decedent was guilty of contributory negligence as a matter of law.

The burden to establish contributory negligence rested upon the defendant. Such burden is no different from that which rests upon a plaintiff to establish negligence on the part of defendant. The rule is not as contended for by appellant in this case that it is improper to direct a verdict for the defendant on the issue of contributory negligence, but the rule is that it is improper to direct a verdict on the issue of contributory negligence where the determination of the question depends upon conflicting evidence or the credibility of witnesses. *Heiny, Admx.* v. *Pennsylvania R. Co.* (1943), 221 Ind. 367, 47 N. E. 2d 145; *Indianapolis Railways* v. *Williams* (1945), 115 Ind. App. 383, 59 N. E. 2d 586.

As to the actions of plaintiff's decedent, we have only one eye-witness, the driver of the car, Lortz. He testified on the point in question in substance as follows: "Mr. Dancho (plaintiff's decedent) was standing in front of the right fender. He was directly in front of it, he was to the right. He was not standing on the pavement. He could have been on the edge of the

pavement. He was right in front of the fender, the front fender to the right. My car was headed in a southeasterly direction. He was to the right of my car. He was on the pavement." (our parentheses)

There were no other witnesses as to decedent's actions, and the only other evidence regarding the same were the physical facts and circumstances as shown by the evidence. Lortz testified that after he had brought his car to a stop, the right rear wheel was about six inches on the pavement on the wrong side of the road, and as to the position of the front right wheel he testified as follows: "I could not say how far from the edge of the pavement my right front fender of my car was. It was off of the pavement. I do not recall whether it was one foot, two foot, or three foot, but it was off the pavement."

The other physical facts as shown by the evidence were that decedent's body after being struck was thrown by the force of the collision and dented in the right rear door of Lortz's car, and the body came to rest at the bumper on the right rear of the car. The truck in passing merely scraped the right rear fender. We feel that these physical facts and circumstances considered in connection with the only witness' testimony establishes as a matter of law that the plaintiff's undisputed evidence shows that decedent was standing on the pavement when he was struck by appellee's truck. It is unreasonable from the standpoint of physical possibility to assume that the truck could have struck decedent standing off the pavement and then hurled his body in a curving movement so that it would be thrown against the right rear door of Lortz's car. No reasonable inference from the evidence could create any doubt or question in the minds of reasonable men as to the fact

that plaintiff was standing on the pavement at the time he was struck, in the light of the physical facts and circumstances, and upon any hypothesis of reasonable possibility. Therefore, there was no conflict or dispute in the evidence about which reasonable minds might differ of the fact that plaintiff's decedent was standing on the highway when struck.

However, a reasonable inference favorable to appellant from the evidence is that the decedent was acting in an emergency for the purpose of warning oncoming motorists of the partial obstruction of the highway, and was making an attempt thereby to save them from possible damage to their property and injury to their persons. In such an emergency, one is justified in exposing himself to danger in a manner which under other and differing circumstances, would make him guilty of contributory negligence as a matter of law.

However, one cannot act rashly or recklessly, disregarding all consideration for his personal safety, without being charged with contributory negligence as a matter of law. If the evidence establishes a situation where reasonable minds might differ as to whether or not an individual so acted, the issue presents a question of fact for the jury.

In the present case, the undisputed evidence shows that the decedent riding with Lortz, who removed himself to a place of safety, got out of the car which had come to a stop on the wrong side of the road, took up a position on the pavement of a heavily travelled highway in a fog so dense that objects could be seen a distance of only a few feet, and with full knowledge of the danger, remained there for at least a minute, and for a long enough period of time to have removed him-

self to a place of safety for the warning of oncoming motorists on the berm of the highway.

We feel that the undisputed facts disclose a voluntary exposure to a known danger under such circumstances that such exposure as a matter of law was rashly and recklessly made, and the undisputed evidence establishes a situation where reasonable minds could not differ as to whether plaintiff's decedent so acted. It is apparent that the accident and death of decedent would not have occurred except for such action on the part of plaintiff's decedent, and that such contributory negligence on his part was the proximate cause of the accident resulting in his injuries and death. Therefore, in my opinion, the plaintiff's decedent was guilty of contributory negligence as a matter of law upon a basis of the undisputed evidence and the only reasonable inferences to be drawn therefrom most favorable to the plaintiff.

The trial court, in my opinion, therefore, did not err in overruling appellant's motion for a new trial, and in giving defendant's tendered Instruction No. 1, and in instructing the jury to return a verdict for defendant, and the judgment should be affirmed.

NOTE.—Reported in 85 N. E. 2d 644.