JONES ET AL. *v*. FURLONG, ADMINISTRATRIX.

[No. 18,082. Filed March 17, 1951. Rehearing denied May 18, 1951.]

280

282

*Joseph W. Noel* and *Lloyd McClure,* both of Kokomo; *Slaymaker, Locke & Reynolds,* of Indianapolis; and *Campbell, Gemmill, Browne & Ewer,* of Marion, for appellants.

*Max C. Shirley;* and *Fell, Life & LeVan,* both of Kokomo, for appellee.

MARTIN, J.—This is an appeal from a judgment in favor of the appellee, in an action for damages for the alleged wrongful death of appellee's husband in a collision between an automobile which the appellee's decedent was driving and the tractor-trailer truck operated by the appellants, said wrongful death being the result of the alleged negligence of the appellants.

The cause was tried by a jury on the issues formed by the appellee's amended complaint and appellants' answers. The jury returned a verdict in favor of the appellee and against the appellants, awarding damages in the amount of $5,591.67 to the appellee.

The errors assigned for reversal are that the court erred in overruling appellants' motions for a new trial.

The grounds set forth in each of said motions for a new trial are:

    (a) The verdict of the jury is not sustained by sufficient evidence.

    (b) The verdict of the jury is contrary to law.

    (c) The court erred in not instructing the jury, at the conclusion of the evidence, to return a verdict for the defendants.

The appellant, Grady Gragg, asserts on this appeal an additional ground for reversal which is not common to the other two appellants. It is the position of Grady Gragg that Lawrence Jones, at the time the accident occurred, was not his agent or employee, as charged in the amended complaint, so as to create a legal liability against him for the acts of Lawrence Jones.

The following acts of negligence were alleged in the appellee's amended complaint.

"10. That the defendants and each of them, at said time and place were careless and negligent in the following particulars, to-wit:

    A. The defendants drove and operated the tractor-trailer to the left of said center lane and directly in front of the automobile driven by plaintiff's decedent without giving any warning of intention to so operate said tractor-trailer outfit from the east side of the highway to the west side thereof.

    B. The defendants and each of them through their agent and servant and employee Lawrence Jones, did then and there carelessly and negligently fail to see and observe the automobile driven by plaintiff's decedent as aforesaid, so that the defendant, Lawrence Jones as agent, servant and employee of the defendants Grady Gragg and Sidney J. Williams, doing business as Ready Truck Lines, caused the tractor-trailer to be operated in

front of said automobile driven by plaintiff's decedent in such a way that plaintiff's decedent was unable to avoid a violent collision with said tractor-trailer.

C. The defendants and each of them through the agent, servant and employee, Lawrence Jones, negligently and carelessly failed to keep a proper lookout for the automobile driven by plaintiff's decedent so that as a direct and proximate result thereof, caused by said tractor-trailer, the tractor-trailer was operated across Indiana State Highway Number 9 and to the west of the center line thereof and directly into the path of the automobile driven by plaintiff's decedent.

D. That the defendants and each of them through their agent, servant and employee Lawrence Jones at said time and place negligently and carelessly failed to operate said tractor-trailer so as to avoid a collision with the automobile driven by plaintiff's decedent."

The case at bar involves a violation of a statutory duty. Burns' 1940 Replacement, § 47-2023, reads in part as follows:

"(a) No person shall slow down or stop a vehicle, or turn a vehicle from a direct course upon a highway, unless and until such movement can be made with reasonable safety, and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement, or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement.

(b) A signal of intention to turn right or left shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning."

The appellants contend that the evidence fails to show the defendants guilty of negligence which proxi-

mately caused the injury and death of the appellee's decedent.

The appellants further contend that the facts, as shown by the evidence, do not support a reasonable legitimate inference of any negligence whatsoever on the part of appellants, as charged in the amended complaint, and it was consequently the duty of the trial court, under the circumstances, to have instructed the jury to find for the defendants.

By the verdict, the jury found that the appellants were negligent, which was a proximate cause of the collision. The appellants contend that this finding was not sustained by sufficient evidence and was contrary to law. If the facts are in dispute, or if reasonable men may draw a different conclusion from undisputed facts, the question of negligence is one for the jury; but if the facts are not in dispute, or if the facts most favorable to the proponent, together with all reasonable and logical inferences that may be drawn therefrom be assumed as true, and reasonable men could draw only one inference from such assumed facts and inferences, then the question of negligence becomes one of law for the court. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Tabor* v. *Continental Baking Co.* (1941), 110 Ind. App. 633, 641, 38 N. E. 2d 257; *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1939), 216 Ind. 545, 24 N. E. 2d 284; *Indianapolis & Cincinnati Traction Co.* v. *Roach* (1922), 192 Ind. 384, 135 N. E. 334; *Indiana Ins. Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. 2d 1003; *Northwestern Transit Inc.* v. *Wagner* (1945), 223 Ind. 447, 61 N. E. 2d 591; *Dieckman* v. *Louisville, etc. Traction Co.* (1909), 46 Ind. App. 11, 89 N. E. 909, 91 N. E. 179; 65 C. J. S., Negligence, § 252; 5 Am. Jur. 874, § 668.

Likewise, the question of proximate cause is generally a question for the jury to determine, but it may

become a question of law for the court under the same circumstances that negligence becomes a question of law. *Gamble* v. *Lewis, supra; Tabor* v. *Continental Baking Co., supra; Anti-Mite Engineering Co.* v. *Peerman* (1943), 113 Ind. App. 280, 286, 46 N. E. 2d 262; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073, 89 N. E. 485; *Haskell & Barker Car Co.* v. *Przezdziankowski* (1908), 170 Ind. 1, 15, 83 N. E. 626; *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944; 5 Am. Jur. 875, § 669; 65 C. J. S., Negligence, § 265.

In passing upon a motion for a directed verdict in a negligence action, the court is merely called upon to determine if there is some evidence of negligence on the part of the defendant which the jury is entitled to consider in deciding that issue, or if the undisputed evidence discloses that plaintiff was guilty of negligence that proximately contributed to his injury or death. *Baltimore & Ohio R. Co.* v. *Reyher, Admx., supra.*

There is evidence that on March 8, 1947, at about 11:15 A. M., Lawrence Jones was driving a tractor-trailer truck north on State Highway 9, approaching the decedent south of the intersection of U. S. Highway 35. The weather was good; the sun was shining; the road was dry and Jones could see north quite a distance, less than a mile, there being nothing to obstruct the view. The road was straight; it was open country and it was a clear day.

Appellee's decedent was traveling south in an Oldsmobile passenger car at the rate of 60 miles an hour, approaching Jones and the intersection of U. S. Highway 35. There was a caution light at the intersection of State Highway 9 and U. S. Highway 35. There was no traffic on U. S. Highway 35 or at the inter-

section of said U. S. Highway 35 at the time of the accident in question.

When Jones started to make a left turn into a filling station and lunch room he was traveling 20 miles an hour and he did not apply his brakes at any time. He was traveling at a speed of 5 to 10 miles an hour when the impact occurred between his truck and the car. Jones gave no hand signal of such left turn but only flickered his lights and the truck driver (Jones), was not sure how far apart they were when he (Jones) started to turn. Decedent's car never left the road until Jones' tractor-trailer truck was across the road. Jones saw decedent's car as it left the pavement. Jones was blocking the entire road by crossing the same with his truck, which was 40 feet long, the front wheels of said truck being at the west edge of the road, thereby blocking both traffic lanes.

The point of impact was approximately 300 feet south of the intersection and 25 feet west of State Highway 9. The wheel tracks of the decedent's car came off the highway south of the intersection close to 200 feet from the point of impact.

Jones testified as follows:

"Well, I saw him when he started, he was running so fast I had no idea which way he was going to turn after I saw him leave the road. As he got close to me I saw he was going to go too far west. I turned east, but I was going so slow there was nothing I could do. I couldn't turn to miss him. After the accident he was south of my truck, headed east. The front end was 10 or 15 feet southwest, his rear end hit into the building; he knocked my tractor southwest; his car passed completely in front of my truck."

The driver of the tractor-trailer truck, making a lefthand turn without first giving a statutory signal of

intention to turn, given continuously during not less than one hundred feet traveled by the vehicle before turning, was guilty of negligence *per se* on the part of the appellants. Therefore, as a matter of law, we must hold that the appellants were guilty of negligence. The only reasonable inference from such conduct and the facts in this appeal is that such negligence was a proximate cause of the collision; hence the verdict was sustained by sufficient evidence and was not contrary to law. While that would not relieve the decedent of the obligation to exercise due care, it was a circumstance which the jury was entitled to consider on the question of whether he was guilty of contributory negligence.

Contributory negligence is ordinarily a question of fact for the jury. It is only where the controlling facts are not in dispute and are susceptible of but one conclusion upon the part of reasonable men, that the question of contributory negligence becomes one of law for the court. When the facts are of such nature and character as to be reasonably subject to more than one inference, the jury should be permitted to decide whether the party whose conduct is under inquiry was guilty of contributory negligence. *Baltimore & Ohio R. Co.* v. *Reyher, Admx., supra.*

Where conduct of one places another in sudden peril, such conduct is deemed the proximate cause of an injury to a person thus imperilled sustained in an effort to escape from the danger. *Hubble* v. *Brown* (1949), 227 Ind. 202, 84 N. E. 2d 891.

When appellant Jones turned left, without giving the statutory signal or warning, blocking the highway with his tractor-trailer truck, the decedent was placed in sudden peril. It is a reasonable inference, from the evidence, that the decedent, in an effort to avoid the

collision, turned off the highway and endeavored to go around the front of the tractor-trailer truck.

Where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Accordingly, if he exercises such care as an ordinarily prudent man would exercise when confronted by a like emergency, he is not liable for an injury which resulted from his conduct, even though another course of conduct would have been more judicious, or safer, or might even have avoided the injury. *Gamble* v. *Lewis, supra;* 65 C. J. S., Negligence, § 17. See *Dieckman* v. *Louisville, etc., Traction Co.* (1909), 46 Ind. App. 11, 17, 89 N. E. 909, 91 N. E. 179, *supra,* and cases cited; *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 44 N. E. 2d 93.

The appellee's decedent, the driver, when suddenly faced with the emergency created by the appellant Jones turning left without giving the statutory signal or warning and blocking the highway with his tractor-trailer truck, could have turned to his left off the traveled portion of the highway on the east of the berm; he could have driven straight ahead in the hope that the appellant Jones would have cleared the traveled portion of said highway, or he could have turned off the highway to his right and endeavored to go around the front of the tractor-trailer truck. He could have applied his brakes at once in an effort to slow down while pursuing any one of these courses. We cannot say that reasonable men could not differ on which was the reasonable course of conduct for him to follow, under all the circumstances of the emergency. Therefore, negligence and proximate cause being a question of fact or law, the question of the

negligence of appellee's decedent driver was one for the jury, under proper instructions.

While there was some contradiction in the evidence of the only eye witness (Jones), as to whether decedent's automobile was leaving the paved portion of the highway to the left of Jones while he was blocking the road with his truck, or whether he had the truck clear of the highway when the decedent started to leave the paved portion of the highway to the left of Jones at the time of the accident, it was a question which the jury had a right to determine. *Kostial* v. *Aero Mayflower Transit Co.* (1949), 119 Ind. App. 377, 85 N. E. 2d 644; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 15, 51 N. E. 2d 474.

When more than one inference properly may be drawn from the evidence it is proper to leave the choice of conflicting inferences to the jury. *Hubble* v. *Brown, supra; Metropolitan Life Ins. Co.* v. *Glassman* (1946), 224 Ind. 641, 645, 70 N. E. 2d 24; *Illinois etc. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 677, 53 N. E. 641; *The Cleveland, etc. Railway Co.* v. *Moneyhun, Guardian* (1896), 146 Ind. 147, 153, 44 N. E. 1106; *Supergear Drive, Inc.* v. *Hollister-Whitney* (1946), 327 Ill. App. 414, 64 N. E. 2d 672, 673.

It is our opinion that the court, in refusing to instruct the jury at the conclusion of the evidence to return a verdict for the appellants, did not err, for it was proper that this case should have been submitted to the jury on the question of negligence and proximate cause, as well as contributory negligence.

We, therefore, feel bound to conclude that the issue as to whether the decedent was guilty of contributory negligence was one of fact for the jury. We will not disturb the jury's finding in that regard.

The appellee alleges in the case at bar that one Lawrence Jones was the agent and employee of the defendant, Grady Gragg, and acting as such at the time of the occurrence of the accident in question. Any liability of the appellant, Grady Gragg, for the negligent acts of the appellant, Lawrence Jones, must therefore rest upon the relationship of principal and agent or master and servant and the doctrine of *respondeat superior*.

The relation of the operator to the appellant, Grady Gragg, must be determined by the provisions of the lease. The entire lease was properly admitted in evidence.

Paragraph 2 of this lease provides that the motor vehicle equipment shall be operated by the second party, his agents or employees, and by the further terms of said lease Jones was being paid by Gragg to operate the tractor.

Paragraph 6 of said lease provides that Gragg shall be responsible for all costs, fees, maintenance, repairs and all other costs, arising from the operation of this tractor.

Paragraph 7 of said lease provides that Gragg shall pay the driver's compensation insurance, unemployment insurance, social security tax and withholding tax.

Paragraph 8 of said lease reads as follows:

"Second party further agrees that he will reimburse First Party for any loss or damage to cargo caused by dishonesty or negligence of Second Party, his agents or employees, or any applicable Federal, State or Municipal law or regulation."

It is to be noted that the selection of the operator rested with the lessor, and that the lease included not

only the equipment but the equipment with an operator to be furnished by the lessor. There is nothing in the lease empowering the lessee to discharge the operator or to substitute another in his stead. The lessor was required to keep the equipment in good operating condition and was responsible for any repairs that became necessary during the trip. The operator remained the representative of the lessor, Gragg, to the extent necessary to protect the property of the lessor.

Under the eighth paragraph of the lease the second party, Gragg, bound himself, his agents or employees, for the negligent acts with respect to the damage to the cargo. If Jones was the agent and employee of Gragg in this respect he most certainly was his employee and agent when he made a lefthand turn without giving the required statutory signals. The operator was never free at any time during the trip from his obligations to the lessor, Gragg, to use the vehicle in a prudent and proper manner, and, whatever degree of control the lessee had over Jones, it could not direct and require the operator to act in such a way as would incur damage to the vehicle.

It is not inconsistent for the same person to act as an employee of one person in certain aspects of a transaction and as an employee of another in a different part of the business. *McDermott's Case* (1933), 283 Mass. 74, 77, 186 N. E. 231, and cases cited.

Without further analyzing the lease and the testimony, enough appears to show that it could not be ruled that the operator, Jones, in the manner in which he drove the truck at the time of the accident, was not an employee of the appellant, Gragg. The question was properly submitted to the jury. *Garfield* v. *Smith*

(1945), 317 Mass. 674, 59 N. E. 2d 287; *Delory* v. *Blodgett* (1904), 185 Mass. 126, 69 N. E. 1078, 64 L. R. A. 114, 102 Am. St. Rep. 328; *Shepard* v. *Jacobs* (1910), 204 Mass. 110, 90 N. E. 392, 26 L. R. A., N. S., 442, 134 Am. St. Rep. 648; *Hunt* v. *N. Y., N. H. & H. R. Co.* (1912), 212 Mass. 102, 98 N. E. 787, 40 L. R. A., N. S., 778; *Mahoney* v. *New York, N. H. & H. R. Co.* (1921), 240 Mass. 8, 132 N. E. 384; *Strong's Case* (1931), 277 Mass. 243, 178 N. E. 637; *Goyette* v. *P. J. Kennedy & Co., Inc.* (1931), 277 Mass. 283, 178 N. E. 528; *Wall's Case* (1935), 293 Mass. 93, 199 N. E. 326.

Judgment affirmed.

NOTE.—Reported in 97 N. E. 2d 369.