**TRINITY UNIVERSAL INSURANCE COMPANY, a Texas corporation, Plaintiff-Appellant,**

v.

**FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, a Wisconsin corporation, Defendant-Appellee.**

No. 13702.

United States Court of Appeals Seventh Circuit.

Sept. 26, 1962.

Rehearing Denied Nov. 26, 1962.

Hugh E. Reynolds, Jr., Emerson Boyd, Indianapolis, Ind., Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., of counsel, for appellant.

Howard S. Young, Jr., Indianapolis, Ind., Young & Young, Indianapolis, Ind., of counsel, for appellee.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Trinity Universal Insurance Company, a Texas corporation, plaintiff, has appealed from a judgment of the district court following a trial by the court, without a jury, on a complaint, as amended, for declaratory judgment filed by plaintiff and a counterclaim, as amended, filed by Farmers Mutual Automobile Insurance Company, a Wisconsin corporation, defendant.[1]

John W. Haley, a minor, and Donald E. Haley, his father, brought a diversity suit in the district court against Potter Material Service, Inc., an Indiana corporation, and Floyd Metzger (*sic*), for bodily injuries to John, allegedly occasioned by the negligence of Norbert Jacobs as driver for both defendants in a truck-bicycle collision in Indiana. In April 1960, plaintiff, insurance carrier for Potter, tendered to defendant, insurance carrier for Medsker, the defense of the Haley suit and demanded the application of defendant's insurance coverage to Potter. Both were refused by defendant, which made a similar tender and demand for the application of plaintiff's coverage to Medsker. On January 27, 1961, plaintiff and defendant herein agreed to contribute equally the total sum necessary to settle the litigation, and the Haley case was settled.

It has been stipulated as to the amounts of payments made by each party hereto for the expenses of said litigation and settlement.

Defendant's policy to Medsker covered a Ford truck leased to Potter and driven at the time of the accident by Jacobs,

1. Responsive pleadings were filed by both defendant and plaintiff.

with limits of $15,000–30,000 for bodily injury.

Plaintiff's "comprehensive liability policy" to Potter had limits of $100,000–300,000 for bodily injury.

1. According to Indiana law, there was sufficient evidence to support the findings of fact and conclusions of the court that Jacobs was an employee of both Potter and Medsker. In Jones v. Furlong, 121 Ind.App. 279, 293, 97 N.E. 2d 369, 375 (1951), the court said:

"It is not inconsistent for the same person to act as an employee of one person in certain aspects of a transaction and as an employee of another in a different part of the business. McDermott's Case [1933], 283 Mass. 74, 77, 186 N.E. 231, and cases cited."

To the same effect is Jackson Trucking Co. v. Interstate Motor Freight System, 122 Ind.App. 546, 557, 104 N.E.2d 575, 580 (1952). A transfer to the Supreme Court of Indiana was denied.

Furthermore, plaintiff and defendant stipulated in the district court that at the time and place of the tort occurrence, "the truck was being driven by Jacobs with Medsker's permission and under such oral lease, and Jacobs was subject to the direction and control of Potter Material Service at least as to what materials were delivered and as to when and where they were delivered *sufficient to render Potter Materials legally liable to plaintiff Haley for any negligence of Jacobs.*" (Italics supplied.)

Plaintiff now argues that its comprehensive liability policy covered Potter as named insured but did "not apply * * with respect to any hired automobile, to the owner thereof or any employee of such owner." Plaintiff points out that the truck was a hired automobile as defined in its policy and Medsker was its owner, and that the evidence undisputedly proved that Jacobs as driver was an "employee of such owner."

■ Unfortunately for plaintiff's contention, it has ignored the dual relation-

ship which Jacobs bore to Potter and Medsker. The stipulated relationship existing between Potter and Jacobs was not excluded by the clause of plaintiff's policy from which the above quotation was taken by plaintiff in its brief. It was agreed that Jacobs was subject to the direction and control of Potter sufficient to render Potter legally liable for Jacobs's negligence. That relationship was not excluded by plaintiff's policy. Whether or not the exclusionary clause effectively excluded Jacobs from plaintiff's coverage, insofar as Jacobs was an employee of Medsker, is not material here. There was no exclusion of the policy's coverage of Potter with respect to the negligence of Jacobs, whom the court found to be an employee of Potter, as well as Medsker.

■ 2. Plaintiff claims a right of subrogation to Potter's rights of indemnity against Jacobs, again relying on its contention that Jacobs was excluded and not insured by plaintiff's policy. Plaintiff's policy provides:

"III. Definition of Insured. The unqualified word 'insured' includes the named insured and also includes any person while using an owned automobile or 'a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *."

This language embraces Jacobs as an additional insured under plaintiff's policy because Jacobs was operating a hired automobile with Potter's permission. We, therefore, hold that Jacobs was an additional insured under plaintiff's policy. It follows that we must reject plaintiff's claim for subrogation because there is no such right against an insured under plaintiff's policy.

3. Finally, plaintiff objects to the action of the district court in apportioning the costs of settlement, attorneys' fees and incidental expenses between plaintiff

and defendant in a manner which plaintiff describes as follows:

"Medsker's ⅓ of the tort losses and of the tort court costs, and all of the attorneys' fees and expenses in the tort defense of Medsker, were to be paid by defendant, in the amount of $4,473.95;

"Jacobs' ⅓ and Potter's ⅓ of the tort losses and of the tort court costs, and the attorneys' fees and expenses 'in their defenses', were pro-rated between the insurers, 15/115 or $966.98 to be paid by defendant, and 100/115 or $6,446.52 by plaintiff."

The court having concluded that payments made by defendant, totaling $5,937.37, exceeded by $496.44 the sum of $5,440.93 which defendant should have contributed, judgment was entered against plaintiff and for defendant for $496.44 with costs, from which this appeal was taken.

This action of the court was based upon a stipulation of the parties establishing that the tort claims had been settled for $8750.

■ We approve the apportionment of the loss made by the district court as between the two insurance carriers in this case.

For these reasons the judgment of the district court is affirmed.

Judgment affirmed.

CASTLE, Circuit Judge (dissenting).

I would reverse. The policy issued by plaintiff provided:

" * * * The insurance with respect to any person or organization other than the named insured does not apply: * * *

"(d) with respect to any hired automobile, to the owner thereof or any employee of such owner * *."

In my opinion Jacobs could have been an additional insured under that policy only if he were not Medsker's employee. But he was, and the Indiana cases relied upon by the majority recognize that the same individual may act as an employee of more than one employer.

The policy provision is unambiguous. It excludes "any employee" of the owner of a hired automobile. The majority opinion, in effect, restricts the broad language of the exclusion to the narrow concept that it refers only to a person *solely* the employee of the owner of the hired automobile and who stands in no relationship to the named insured which would make the latter liable for such person's acts.