**AMERICAN UNDERWRITERS, INC., as Attorney–In–Fact for American Interinsurance Exchange**

v.

**AUTO–OWNERS MUTUAL INSURANCE CO.**

No. IP 80–448–C.

United States District Court, S. D. Indiana, Indianapolis Division.

Sept. 11, 1980.

Donald L. Tunnell of Yarling, Tunnell, Robinson & Lamb, Indianapolis, Ind., for plaintiff.

Alvin E. Meyer of Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, Ind., for defendant.

## ORDER DENYING MOTION TO DISMISS

STECKLER, District Judge.

This matter·is before the Court on defendant's motion to dismiss·on the basis that (1) plaintiff lacks standing to maintain the action and (2) the Court lacks subject matter jurisdiction.

The plaintiffs, American Underwriters, Inc. and American Interinsurance Exchange, seek pro rata recoupment of amounts paid out in settlement of a property damage claim involving a vehicle allegedly insured at the time of the accident by both American Interinsurance Exchange and Auto–Owners Mutual Insurance Company.

It is established that, under Indiana law, one insurer may seek pro rata contribution from another insurer when the driver of a vehicle is both an employee of the owner of the vehicle and the lessee of the vehicle. *See Trinity Universal Ins. Co. v. Farmers Mutual Automobile Ins. Co.*, 309 F.2d 283 (7th Cir. 1962). Since it is alleged that the defendant issued a policy in effect at the time of the accident which covered the same "interest" as did plaintiff's policy, *i. e.*, the property damage caused by the insured vehicle, the plaintiffs have standing to seek a pro rata contribution from the defendant.

The defendant further contends that there is no diversity of citizenship since 28 U.S.C. § 1332(c) provides that the insurer shall be deemed to possess the citizenship of the insured in a "direct action" wherein the insured is not joined as a defendant. The term "direct action," however, does not include with its meaning actions by one insurer against another where liability is not sought to be imposed by reason of the insured's conduct. *See White v. United States Fidelity & Guaranty Co.*, 356 F.2d 746 (1st Cir. 1966); *Lank v. Federal Ins. Co.*, 309 F.Supp. 349 (D.Del.1970); *Walker*

*v. Firemans Fund Insurance Co.,* 260 F.Supp. 95 (D.Mont.1966). Inasmuch as plaintiffs' claim concerns contribution on the respective policies rather than liability due to the insured's conduct, the "direct action" provision of § 1332(c) is inapplicable.

By reason of the foregoing, the defendant's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.