**AMERICAN UNDERWRITERS, INC., as Attorney-In-Fact for the Subscribers at the American Interinsurance Exchange, Plaintiff-Appellant,**

v.

**AUTO–OWNERS MUTUAL INSURANCE COMPANY, Defendant-Appellee.**

No. 82–2191.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 1983.

Decided Sept. 28, 1983.*

Opinion Oct. 14, 1983.

Rehearing Denied Nov. 22, 1983.

John W. Hammel, Indianapolis, Ind., for plaintiff-appellant.

Alvin E. Meyer, Indianapolis, Ind., for defendant-appellee.

Before CUMMINGS, Chief Judge, COFFEY, Circuit Judge, and MORAN, District Judge.[1]

MORAN, District Judge.

Plaintiff appeals from an adverse judgment by Magistrate J. Patrick Endsley of the Southern District of Indiana after a trial upon stipulated facts and exhibits. We affirm.

---

* This appeal was originally decided by unreported order on September 28, 1983. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

1. The Honorable James B. Moran, United States District Judge for the Northern District of Illinois, is sitting by designation.

Plaintiff's[2] insured, Jay Brubaker, leased a truck covered by the policy to Rose Brothers Trucking, Inc. Brubaker, in the lease, agreed to indemnify Rose against any loss arising out of his negligence or that of his agents in the operation of the truck. He also agreed to maintain public liability insurance which included Rose as a named insured, and Rose was named as an additional insured on the policy with plaintiff. Rose agreed to maintain the insurance coverage required for shippers, which was the policy with defendant.

The driver furnished by Brubaker thereafter, while both policies were in force and while driving the leased truck, collided with a building and some pipe owned by Blevins Popcorn Company. Plaintiff settled the claim by Blevins and, in this action, sought pro rata contribution from the defendant.

If Brubaker himself had paid the claim, he could not, because of the lease provisions, seek any recovery from Rose. *South Tippecanoe School Building Corp. v. Shambaugh & Son, Inc.*, Ind.App., 395 N.E.2d 320 (1st Dist., 1979). Conversely, Blevins could have proceeded against Rose both as a statutory employer and pursuant to a common law *respondeat superior* claim, and Rose could then have recovered any loss from Brubaker. Here, however, an insurer of both Brubaker and Rose, which presumably settled a claim on behalf of both its insureds, seeks contribution from another carrier covering Rose.

The argument for that conclusion, based upon the policies of both plaintiff and defendant, is as follows:

1. The "named insured" under plaintiff's policy is Brubaker.

2. Rose is an additional insured but not a "named insured".

3. The driver was a dual employee of both Brubaker and Rose.

4. Rose was a person using an owned automobile with the permission of Brubaker, the named insured under plaintiff's policy and therefore is a person insured.

5. Pursuant to paragraph (d) of the Truckmen endorsement to the policy, however, the insurance is excess with respect to trucks leased to a shipper who is not a named insured.

6. The driver, as an employee of Rose, is covered by defendant's policy.

7. Defendant's coverage is excess only by virtue of an "other insurance" clause.

8. Pursuant to Indiana law (and the terms of plaintiff's policy) if there are two covering policies, both of which provide excess coverage in the event of other insurance, each is liable for its pro rata share of the loss.

Plaintiff is in error in attempting to denominate Rose as a lessee-shipper rather than as a named insured. The lease required that Rose be named as an insured. Rose, by endorsement to plaintiff's policy, was for property damage liability "named, as an insured". The policy provides that the insurance is primary unless stated to be excess, and when the insurance is primary and other coverage is excess plaintiff's liability shall not be reduced by the other coverage. The Truckmen endorsement specifies that upon lease to a named insured the coverage is primary. In short, plaintiff as the primary insurer of Rose seeks to cover contribution from Rose's excess carrier. This it cannot do even under the Indiana law relied upon by plaintiff. This assumes, as we do assume, that the driver was a dual employee and therefore not excluded from defendant's coverage. *Trinity Universal Insurance Company v. Farmers Mutual Automobile Insurance Company*, 309 F.2d 283 (7th Cir.1962). Alternatively, if Rose was not, for some reason, sufficiently designated as a "named insured" so as to trigger plaintiff's primary coverage provisions, it was supposed to be. Plaintiff, as Brubaker's subrogee, cannot assert rights which would exist only because its insured failed to provide the agreed-upon insurance

---

**2.** Plaintiff is attorney-in-fact for the insurer, but for convenience the insurer will be referred to as the plaintiff.

coverage. *Rieth-Riley Construction Co., Inc. v. Auto-Owners Mutual Insurance Company,* Ind.App., 408 N.E.2d 640 (3d Dist., 1980).

Further, plaintiff's contentions suggest a potential circularity of claims in which plaintiff recovers from defendant, who then would be subrogated to the rights of Rose, which rights would include a claim under the lease against Brubaker, who presumably would then turn to plaintiff for recovery. Plaintiff urges, in response, that defendant cannot be subrogated to rights in a lease to which it was not a party, that a lease to which plaintiff was not a party cannot extend its obligations, and that, in any event, contribution between carriers arises from the fact of mutual coverage of a risk, not from any contractual arrangements between the insureds.

While we have no quarrel with the notion that plaintiff's obligations arise from its policy and cannot be expanded by agreement between the insured and another, the judgment for defendant was not based upon any conclusion to the contrary. Rather, Magistrate Endsley specifically found that plaintiff's policy covered the risk. Plaintiff paid the claim because it was obligated to do so by its policy, not because of the lease, and its effort here is to obtain contribution from another carrier it claims also covered the risk.

As *South Tippecanoe School Building Corp. v. Shambaugh & Son, Inc., supra,* makes clear, private agreements, while they cannot expand coverage, can foreclose an insurer who has paid a loss pursuant to its policy from pursuing others for indemnity or, we believe, contribution. There it was the insuring subrogee who was unable to obtain indemnity because of the agreement between its named insured and the subcontractors. Conversely here, if defendant had paid Blevin's claim on behalf of Rose, there can be little doubt that defendant as subrogee could have sought indemnity from Brubaker, who could have called upon plaintiff to pay the claim. *See Rieth-Riley Construction Co., Inc. v. Auto-Owners Mutual Insurance Company, supra; Morsches Lumber,*

*Inc. v. Probst,* 180 Ind.App. 202, 388 N.E.2d 284 (3d Dist., 1979).

*South Tippecanoe School Building Corp. v. Shambaugh & Son, Inc. supra,* viewed the interaction of policy obligations and private agreements as leading to an improper effort by an insurer to sue its insured, and plaintiff's suit can be similarly viewed in this case. The circumstances here, accepting plaintiff's contentions, can also be viewed as an effort to obtain contribution from another carrier when all policy obligations have been satisfied and the interests of the insureds are not directly involved. But the concept of pro rata contribution rests upon equitable and public policy considerations, *Indiana Insurance Co. v. Federated Mutual Insurance Co.,* Ind.App., 415 N.E.2d 80 (1st Dist., 1981). Both views lead to the same result here. The lease allocated risks, the policies were written in conformity to that allocation, and the court below properly ruled that the risks accepted by the plaintiff in its policy precluded its recovery here. Judgment affirmed.